RUSSELL CHARLES DEWEY, Plaintiff-Appellant, v. PRISONER RE-VIEW BOARD, Defendant-Appellee.

Fifth District   No. 5—86—0355

Opinion filed November 6, 1987.

Russell Charles Dewey, of Vienna, appellant *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Mark L. Rotert and Judith H. Schlessinger, Assistant Attorneys General, of counsel), for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Russell Charles Dewey, appeals from an order of the circuit court of Johnson County granting summary judgment in favor of defendant, the Prisoner Review Board (hereinafter the Board), in plaintiff's action for *mandamus.* We affirm.

Plaintiff is an inmate at the Vienna Correctional Center, where he is serving a prison term of 25 to 50 years for a murder committed in 1965. The Illinois Supreme Court affirmed his conviction on direct appeal. (*People v. Dewey* (1969), 42 Ill. 2d 148, 246 N.E.2d 232.) Plaintiff's complaint alleges that he became eligible for parole in May of 1976, and that since that time the Board has denied him parole 13 times. In several of its orders denying parole, the Board stated that releasing plaintiff would deprecate the seriousness of his offense and promote disrespect for the law. Plaintiff contends reliance on this criterion of general deterrence violated the proscription against *ex post facto* laws found in both the United States and Illinois Constitutions (U.S. Const., art. I, §10, cl. 1; Ill. Const. 1970, art. I, §16), because the legislature incorporated this criterion into the law governing parole after the commission of plaintiff's offense. In his complaint for *mandamus,* plaintiff requests that the Board be ordered to provide him with a hearing under the law as it existed at the time of his offense.

At the time of the commission of plaintiff's offense, Illinois law provided: "In consideration of any application for parole due consideration and weight shall be given to the record of the prisoner's conduct kept by the superintendent or warden." (Ill. Rev. Stat. 1965, ch. 108, par. 206; Ill. Rev. Stat. 1965, ch. 127, par. 55b.) Another provision required that the sentencing judge and the State's Attorney file a statement furnishing the Board with a report of the circumstances of the prisoner's crime, his prior criminal history, and facts related to the question of whether the prisoner is capable of becoming a law-abiding citizen. (Ill. Rev. Stat. 1965, ch. 108, par. 203.) The legislature provided no other guidelines for the Board. In 1972, the legislature adopted parole criteria, effective January 1, 1973, as part of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*). Section 3—3—5(c) of the Code provides:

"The Board shall not parole a person eligible for parole if it determines that:

(1) there is a substantial risk that he will not conform to reasonable conditions of parole; or

(2) his release at that time would deprecate the seriousness of his offense or promote disrespect for the law; or

(3) his release would have a substantially adverse effect on institutional discipline." (Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—5(c).)

Plaintiff contends that the proscription against *ex post facto* laws was violated when the Board relied on the consideration that his release would deprecate the seriousness of the offense or promote disrespect for the law, a criterion not explicitly stated in the statute until several years after commission of his offense.

This precise issue was raised in *Heirens v. Mizell* (7th Cir. 1984), 729 F.2d 449, *cert. denied* (1984), 469 U.S. 842, 83 L. Ed. 2d 85, 105 S. Ct. 147, where the court reviewed the history of the practice of the Board, then stated its holding as follows:

"We conclude that the 1972 Illinois legislation delineating the parole criteria to be considered subsequent to January 1, 1973, did not enact a change in the factors the Parole Board used in making its parole determination, rather it merely codified the Board's prior practice and procedure, that is, it simply explicitly articulated the Parole Board's broad range of discretion which had always existed. Since the Parole Board considered both general deterrence and retributive justice prior to 1973, the application of criterion (2) to inmates who committed their crimes before 1973 does not violate the *ex post facto* prohibition of the United States Constitution. The second criterion is *not* disadvantageous to an offender who committed his crime before January 1, 1973, as that criterion merely includes factors which were considered in making parole decisions prior to that date." (Emphasis in original.) (729 F.2d at 463.)

The Seventh Circuit in *Heirens* expressly overruled its previous decision in *Welsh v. Mizell* (7th Cir. 1982), 668 F.2d 328, *cert. denied* (1982), 459 U.S. 923, 74 L. Ed. 2d 186, 103 S. Ct. 235, which had accepted an argument similar to that made by plaintiff in the present case.

We believe *Heirens* was correctly decided and we adopt the Seventh Circuit's reasoning in that opinion. We agree that the legislation effective in 1973 did not enact a change in the criteria employed in making a parole determination, but merely codified the Board's prior

practice and procedure. We find no reason for further analysis.

We have reviewed the other issues raised by plaintiff and find them also to be without merit.

For the foregoing reasons, the order of the circuit court of Johnson County granting the Board summary judgment is affirmed.

Affirmed.

KARNS, P.J., and LEWIS, J., concur.