Filed 11/16/07      NO. 4-07-0226

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| RICHARD NEVILLE, | ) | Appeal from |
|       Plaintiff-Appellant. | ) | Circuit Court of |
|       v. | ) | Sangamon County |
| ROGER E. WALKER, JR., Director, | ) | No. 06MR543 |
| Illinois Department of Corrections; and | ) | |
| JORGE MONTES, Chairman, Illinois | ) | Honorable |
| Prisoner Review Board, | ) | Leo J. Zappa, Jr., |
|       Defendants-Appellees. | ) | Judge Presiding. |

_____

JUSTICE COOK delivered the opinion of the court:

Plaintiff, Richard Neville, an inmate at Lawrence Correctional Center (Lawrence), is serving a sentence for conviction in 1999 of two counts of predatory criminal sexual assault (720 ILCS 5/12-14.1 (West 1998)).  On August 31, 2006, he completed the determinate sentence imposed when he was convicted.  The Parole Review Board (Board) conditioned his transition to mandatory supervised release (MSR) on his compliance with certain conditions.  Plaintiff was unable to comply with one of the conditions, so the Department of Corrections (DOC) refused to release him on MSR.  Plaintiff filed a pro se mandamus action arguing that the condition on his MSR and the consequent refusal to release him violated the ex post facto clause of the federal and state constitutions.  The trial court dismissed his complaint.  Plaintiff appeals.  We affirm.

I. BACKGROUND

Plaintiff is currently incarcerated at Lawrence. Plaintiff's conviction allows the Board to label him a sex

offender (see 730 ILCS 150/2(B)(1) (West 2006)), triggering subsection (b-1) of section 3-3-7 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3-3-7(b-1) (West 2006)), which calls for the Board to consider conditioning his release to MSR on his submitting to electronic detention. The Board decided to impose electronic monitoring as a condition and DOC has been working with plaintiff to find an acceptable host site that can accommodate him as a sex offender and accommodate his need for electronic monitoring. No host site for plaintiff's residence has been approved. Because plaintiff would be in immediate violation of the terms of his MSR were he released without a place to live that would allow electronic monitoring, DOC did not release him from custody as scheduled on August 31, 2006.

Plaintiff filed a petition for mandamus on September 28, 2006, seeking relief with respect to his period of MSR. Plaintiff's complaint is based on his contention that the Board may not condition his MSR on compliance with any sex-offender-specific statutory conditions because section 3-3-7(b-1) of the Unified Code (730 ILCS 5/3-3-7(b-1) (West 2006)) was added to the statutory scheme governing MSR after the date plaintiff committed his crimes and was sentenced. Plaintiff argues that conditioning his release on his ability and agreement to submit to electronic monitoring is an impermissible retroactive application of Illinois law that violates the ex post facto provisions of the Illinois and United States Constitutions. Plaintiff sought an order compelling the Board to withdraw those MSR conditions that

were not listed in the statute at the time of plaintiff's conviction and directing DOC to release him.

Defendants filed a motion to dismiss under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2006)), arguing plaintiff could not show a clear right to relief as he could not comply with the conditions set by the Board for plaintiff's MSR. On March 6, 2007, the trial court dismissed plaintiff's complaint. This appeal followed.

## II. ANALYSIS

On appeal, plaintiff argues that defendants deliberately misinterpret section 3-3-7 of the Unified Code and this court should direct a judgment without remand. Defendants counter that DOC's refusal to unconditionally release plaintiff does not violate the ex post facto clauses as the Board's exercise of discretion is not subject to the restrictions of the ex post facto clause, section 3-3-7 is not punishment, and plaintiff's sentence has not been increased.

We review de novo the granting of a motion to dismiss a petition for mandamus. Lucas v. Taylor, 349 Ill. App. 3d 995, 998, 812 N.E.2d 72, 75 (2004).

To state a claim for mandamus relief, a plaintiff must allege "facts which establish a clear right to the relief requested, a clear duty of the respondent to act, and clear authority in the respondent to comply with the writ." Noyola v. Board of Education of the City of Chicago, 179 Ill. 2d 121, 133, 688 N.E.2d 81, 86 (1997). "The party requesting a writ of mandamus

- 3 -

bears the burden of demonstrating a clear right to the relief [requested]." Romero v. O'Sullivan, 302 Ill. App. 3d 1031, 1034, 707 N.E.2d 986, 988 (1999). To grant mandamus, plaintiff must set forth every "material fact" necessary to prove he has the clear right to the relief requested and defendants have a duty to act as they are authorized to comply with the requested relief. Turner-El v. West, 349 Ill. App. 3d 475, 480, 811 N.E.2d 728, 733 (2004). Mandamus does not apply to duties wherein DOC officials are exercising their discretion. Noyola, 179 Ill. 2d at 133, 688 N.E.2d at 86.

Defendant argues that section 3-3-7 as written when he committed his crime in 1999 does not discuss electronic monitoring so the Board cannot require it as a condition in 2006 without violating the ex post facto clauses of the United States and Illinois Constitutions. We disagree.

The ex post facto clauses of the United States and Illinois Constitutions provide the same protection from "[r]etroactive application of a law that inflicts greater punishment than did the law that was in effect when the crime was committed." People v. Cornelius, 213 Ill. 2d 178, 207, 821 N.E.2d 288, 306 (2004). Whether a legislative change violates the ex post facto clauses depends on whether that change "'alters the definition of criminal conduct or increases the penalty by which a crime is punishable.'" Fletcher v. Williams, 179 Ill. 2d 225, 234, 688 N.E.2d 635, 640 (1997), quoting California Department of Corrections v. Morales, 514 U.S. 499, 506-07 n.3, 131 L.

Ed.2d 588, 595 n.3, 115 S. Ct. 1597, 1602 n.3 (1995). To show a violation of the ex post facto clauses, therefore, plaintiff must show the following: (1) a legislative change; (2) the change imposed a punishment; and (3) the punishment is greater than the punishment that existed at the time the crime was committed. Plaintiff is unable to meet any of these elements.

In 2005, the Illinois legislature added subsection (b-1) to section 3-3-7 of the Unified Code, which stated the Board "may" require of sex offenders compliance with a list of specific conditions of release, including electronic monitoring for a minimum of 12 months from the date of release. 730 ILCS 5/3-3-7(b-1)(6) (West 2006). This condition was not specifically listed in 1999 when plaintiff committed his crime. See 730 ILCS 5/3-3-7 (West 1998). In 1999, as well as today, however, section 3-3-7 authorized the Board to set conditions for MSR that it deemed "necessary to assist the subject in leading a law-abiding life." 730 ILCS 5/3-3-7(a) (West 1998).

We first note that even if we considered the amendments added in 2005 to be stricter MSR conditions, most federal circuits agree that ex post facto laws are not violated by "applying more severe parole guidelines than those in force when the crime was committed." Prater v. United States Parole Comm'n, 802 F.2d 948, 951 (7th Cir. 1986). Further, the Board is an executive agency and "the constitutional prohibition against ex post facto laws *** is directed to the legislative branch of government rather than [to the] other branches." Prater, 802 F.2d at 951.

The legislative change cited by plaintiff is merely another possibility added to what was already a grant of blanket discretionary authority to an executive agency. Compare 730 ILCS 5/3-3-7(a) (West 1998) and 730 ILCS 5/3-3-7(a) (West 2006) ("[t]he conditions of *** [MSR] shall be such as the [Board] deems necessary to assist the subject in leading a law-abiding life"), with 730 ILCS 5/3-3-7(b-1) (West 2006) ("[i]n addition to the conditions set forth in subsections (a) and (b), persons required to register as sex offenders *** may be required by the Board to comply with the following specific conditions of release" (emphasis added)). The ex post facto clauses do not apply to laws and regulations that merely advise. United States v. Demaree, 459 F.3d 791, 795 (7th Cir. 2006).

Aside from section 3-3-7(b-1) being advisory, the change did not impose punishment because the principal purpose of the MSR program was not intended as imposition of punishment. Faheem-El v. Klincar, 123 Ill. 2d 291, 301, 527 N.E.2d 307, 311 (1988) (concluding that MSR was meant to extend DOC's control over the conduct of those who had minimal incentives to conform to society's standards and who were most likely to have difficulty reintegrating themselves into society). The new MSR conditions for sex offenders are designed to limit the offenders' access to potential victims. Specifically, subsection (b-1)(15) of section 3-3-7 states that the Board may require that the offender "comply with all other special conditions that [DOC] may impose that restrict the person from high-risk situations and

- 6 -

limit access to potential victims."  730 ILCS 5/3-3-7(b-1)(15)
(West 2006).  If the principal purpose of a statute is a
nonpunitive purpose, like protection of the public, the statute
is not considered a punishment that would warrant ex post facto
application.  See Smith v. Doe, 538 U.S. 84, 93, 155 L. Ed. 2d
164, 177, 123 S. Ct. 1140, 1147 (2003); Cornelius, 213 Ill. 2d at
207, 821 N.E.2d at 306 (ex post facto does not apply to the sex-
offender registration and notification statutes as the principal
purpose of the statutes is to protect the public, not punish the
offender).

Finally, plaintiff's sentence has not been increased.
Both in 1999 and today, an inmate is entitled to MSR only so long
as that inmate complies with the conditions imposed by the Board.
See 730 ILCS 5/3-3-7 (West 1998); 730 ILCS 5/3-3-7 (West 2006).
In 1999 when defendant committed his crime, was convicted, and
was sentenced, the Board had the discretion to impose whatever
condition it deemed "necessary to assist the subject in leading a
law-abiding life."  The 2005 amendments merely enumerated condi-
tions that may be applied specifically to sex offenders serving
MSR.  Because the change in law "'simply explicitly articulated
the [Board's] broad range of discretion which had always ex-
isted'" the change did not disadvantage defendant, who committed
the crime before the change.  Dewey v. Prison Review Board, 162
Ill. App. 3d 751, 753, 516 N.E.2d 621, 623 (1987), quoting
Heirens v. Mizell, 729 F.2d 449, 463 (7th Cir. 1984) (which held
that applying a specific criterion in the statute governing

- 7 -

guidelines for awarding parole to an offender sentenced prior to that addition did not violate the ex post facto clause).

Because the Board always had the discretion to dictate conditions on plaintiff's MSR, the expression of a specific condition after plaintiff was sentenced merely "established a framework or structure within which the Board's discretion was to be exercised" (Heirens, 729 F.2d at 464); it did not increase plaintiff's sentence.

Plaintiff has not shown facts that establish a clear right to the relief requested, a clear duty of defendants to act, or clear authority in the defendants to comply with the writ.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

TURNER and APPLETON, JJ., concur.