NO. 4-07-0506          Filed 2/26/08

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| WILLIE B. HADLEY, JR., | ) | Appeal from |
|      Plaintiff-Appellant, | ) | Circuit Court of |
|      v. | ) | Sangamon County |
| JORGE MONTES, Chairman of the Illinois | ) | No. 07MR60 |
| Prisoner Review Board, and All | ) | |
| Members, | ) | Honorable |
|      Defendants-Appellees. | ) | Leslie J. Graves, |
| | ) | Judge Presiding. |

_____

JUSTICE TURNER delivered the opinion of the court:

In February 2007, plaintiff, Willie B. Hadley, Jr., an inmate at Lawrence Correctional Center, filed a complaint for injunctive, declaratory, and mandamus relief against defendants, Jorge Montes, Chairman of the Illinois Prisoner Review Board (Board), and all members, concerning the requirement that he submit to electronic monitoring while on parole. In April 2007, defendants filed a motion to dismiss, which the trial court granted.

On appeal, plaintiff argues the trial court erred in granting defendants' motion to dismiss. We affirm.

I. BACKGROUND

In February 2007, plaintiff filed a complaint for injunctive, declaratory, and mandamus relief against defendants based on the requirement that he submit to electronic monitoring while on parole. Plaintiff was convicted of murder in 1976 and

sentenced to 24 to 74 years in prison.  In January 2007, plaintiff was told his mandatory parole term would include two conditions:  (1) close supervision and (2) electronic home monitoring. Plaintiff was released on parole in May 2007 with the condition that he submit to electronic monitoring.

In his complaint, plaintiff noted the Electronic Home Detention Law became effective in January 1991.  See Ill. Rev. Stat. 1991, ch. 38, pars. 1005-8A-1 through 1005-8A-5.  As he was convicted prior to the enactment of the law, he argued the electronic-monitoring condition during his parole term violated the ex post facto clauses of the United States and Illinois Constitutions.  Plaintiff claimed the condition could not be legally applied retroactively to his crime and defendants were prohibited from making his punishment more onerous through application of the condition.  Plaintiff asked the trial court to find defendants' retroactive application of the electronic-monitoring law violated the ex post facto clauses, direct defendants not to impose the electronic-monitoring condition, and order any other relief deemed appropriate.  Plaintiff also filed a motion for preliminary injunction.

In March 2007, plaintiff filed a motion for summary judgment, alleging no genuine issues of material fact existed. In April 2007, defendants filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Procedure Code)

- 2 -

(735 ILCS 5/2-619 (West 2006)). Defendants argued the imposition of electronic home detention was not ex post facto because it was merely a means to ensure that conditions of parole were being followed. In May 2007, the trial court granted the motion to dismiss. This appeal followed.

## II. ANALYSIS

Plaintiff argues defendants violated the ex post facto clauses of the United States and Illinois Constitutions when they conditioned his parole on the requirement that he submit to electronic monitoring. We disagree.

### A. Standard of Review

"Mandamus is an extraordinary remedy traditionally used to compel a public official to perform a ministerial duty." People ex rel. Madigan v. Snyder, 208 Ill. 2d 457, 464, 804 N.E.2d 546, 552 (2004). A court will award a writ of mandamus "only if a plaintiff establishes a clear, affirmative right to relief, a clear duty of the public official to act, and a clear authority in the public official to comply with the writ." People ex rel. Ryan v. Roe, 201 Ill. 2d 552, 555, 778 N.E.2d 701, 703 (2002). "A plaintiff must set forth every material fact necessary to show he or she is entitled to a writ of mandamus, and the plaintiff bears the burden to establish a clear, legal right to it." Lucas v. Taylor, 349 Ill. App. 3d 995, 998, 812 N.E.2d 72, 75 (2004), citing Chicago Ass'n of Commerce & Industry

- 3 -

<u>v. Regional Transportation Authority</u>, 86 Ill. 2d 179, 185, 427 N.E.2d 153, 156 (1981).

In ruling on a motion to dismiss pursuant to section 2-619 of the Procedure Code, "the trial court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party," and it should grant the motion "if the plaintiff can prove no set of facts that would support a cause of action." <u>Rodriguez v. Sheriff's Merit Comm'n of Kane County</u>, 218 Ill. 2d 342, 349, 843 N.E.2d 379, 382 (2006). On appeal, this court reviews <u>de</u> <u>novo</u> the granting of a motion to dismiss a petition for <u>mandamus</u>. <u>Howell v. Snyder</u>, 326 Ill. App. 3d 450, 453, 760 N.E.2d 1009, 1011 (2001).

When a trial court is confronted with a motion for declaratory judgment, section 2-701 of the Procedure Code states, in part, as follows:

> "The court may, in cases of actual contro-
> versy, make binding declarations of rights,
> having the force of final judgments, whether
> or not any consequential relief is or could
> be claimed, including the determination, at
> the instance of anyone interested in the
> controversy, of the construction of any stat-
> ute, municipal ordinance, or other governmen-
> tal regulation, *** and a declaration of the

- 4 -

rights of the parties interested." 735 ILCS 5/2-701(a) (West 2006).

"The essential requirements of a declaratory judgment action are: (1) a plaintiff with a legal tangible interest; (2) a defendant having an opposing interest; and (3) an actual controversy between the parties concerning such interests." Beahringer v. Page, 204 Ill. 2d 363, 372, 789 N.E.2d 1216, 1223 (2003). A court's decision to dismiss a declaratory judgment action under section 2-619 of the Procedure Code is subject to de novo review. Northern Trust Co. v. County of Lake, 353 Ill. App. 3d 268, 275, 818 N.E.2d 389, 395 (2004).

B. The Electronic Home Detention Law

The Electronic Home Detention Law, which went into effect on January 1, 1991, allows certain offenders to serve a portion of the parole term in the community but subject to electronic monitoring. 730 ILCS 5/5-8A-3 (West 2006). A participant in electronic monitoring must maintain a working telephone in his residence and keep a monitoring device on his person. 730 ILCS 5/5-8A-4(E) (West 2006). The participant is required to remain within the interior premises or within the property boundaries of the residence at all times except during approved absences, including employment, medical appointments, educational programs, religious services, or any other "compelling reason consistent with the public interest." 730 ILCS 5/5-8A-4(A) (West

- 5 -

2006).

C. The <u>Ex</u> <u>Post</u> <u>Facto</u> Prohibition

Under the United States Constitution, both Congress and the states are prohibited from enacting <u>ex</u> <u>post</u> <u>facto</u> laws. U.S. Const., art. I, §§9, 10. The <u>ex</u> <u>post</u> <u>facto</u> clause prohibits retroactive application of a law that imposes greater punishment than a law in effect when the crime was committed. <u>Lynce v. Mathis</u>, 519 U.S. 433, 439-41, 137 L. Ed. 2d 63, 71-72, 117 S. Ct. 891, 895-96 (1997).

> "'[A]ny statute which punishes as a crime an
> act previously committed, which was innocent
> when done; which makes more burdensome the
> punishment for a crime, after its commission,
> or which deprives one charged with crime of
> any defense available according to law at the
> time when the act was committed, is prohib-
> ited as <u>ex</u> <u>post</u> <u>facto</u>.'" <u>Collins v.
> Youngblood</u>, 497 U.S. 37, 42, 111 L. Ed. 2d
> 30, 39, 110 S. Ct. 2715, 2719 (1990), quoting
> <u>Beazell v. Ohio</u>, 269 U.S. 167, 169-70, 70 L.
> Ed. 216, 217, 46 S. Ct. 68, 68 (1925).

The Illinois Constitution also forbids the enactment of <u>ex</u> <u>post</u> <u>facto</u> laws. Ill. Const. 1970, art. I, §16. Our supreme court has interpreted the <u>ex</u> <u>post</u> <u>facto</u> clause of the Illinois

- 6 -

Constitution in accord with the pronouncements of the United States Supreme Court. People v. Cornelius, 213 Ill. 2d 178, 207, 821 N.E.2d 288, 306 (2004); see also Barger v. Peters, 163 Ill. 2d 357, 360, 645 N.E.2d 175, 176 (1994) ("in construing this State's constitutional provision, we are without a basis to depart from the Supreme Court's construction of the Federal ex post facto clause").

Plaintiff argues he suffered a "disadvantage" when the Board restricted his liberty upon his release on parole through the application of electronic monitoring under section 5-8A-3 of the Electronic Home Detention Law. Ill. Rev. Stat. 1991, ch. 38, par. 1005-8A-3. However, plaintiff's contention that electronic monitoring disadvantages him does not necessarily mean the application of the parole condition violates ex post facto principles.

"The United States Supreme Court has 'retreated from earlier opinions suggesting that changes affecting punishment automatically fall within the ex post facto prohibition if they operate to the "disadvantage" of covered offenders.'" People v. Pena, 321 Ill. App. 3d 538, 541, 747 N.E.2d 1020, 1022 (2001), quoting In re J.R., 302 Ill. App. 3d 87, 126, 704 N.E.2d 809, 815 (1998). The Supreme Court has stated that after the decision in Collins "the focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvan-

tage,' *** but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." California Department of Corrections v. Morales, 514 U.S. 499, 506-07 n.3, 131 L. Ed. 2d 588, 595 n.3, 115 S. Ct. 1597, 1602 n.3 (1995). To establish an ex post facto violation, a "plaintiff must show the following: (1) a legislative change; (2) the change imposed a punishment; and (3) the punishment is greater than the punishment that existed at the time the crime was committed." Neville v. Walker, 376 Ill. App. 3d 1115, 1118-19, 878 N.E.2d 831, 834 (2007).

Changes in laws governing the parole of prisoners may contravene the ex post facto prohibition. Garner v. Jones, 529 U.S. 244, 250, 146 L. Ed. 2d 236, 244, 120 S. Ct. 1362, 1367 (2000); Ganci v. Washington, 318 Ill. App. 3d 1174, 1185, 745 N.E.2d 42, 50 (2001). However, not all legislative changes that may conceivably affect a prisoner's punishment are prohibited by the ex post facto clauses. Morales, 514 U.S. at 508-09, 131 L. Ed. 2d at 596-97, 115 S. Ct. at 1603. The change in the law must affect substantial rights because a procedural change is not ex post facto. Dobbert v. Florida, 432 U.S. 282, 292, 53 L. Ed. 2d 344, 355, 97 S. Ct. 2290, 2298 (1977).

States have the authority to place conditions on parole release. Board of Pardons v. Allen, 482 U.S. 369, 377 n.8, 96 L. Ed. 2d 303, 312 n.8, 107 S. Ct. 2415, 2420 n.8 (1987). Moreover,

- 8 -

states have an "'overwhelming interest' in ensuring that a parolee complies" with those conditions. <u>Pennsylvania Board of Probation & Parole v. Scott</u>, 524 U.S. 357, 365, 141 L. Ed. 2d 344, 353, 118 S. Ct. 2014, 2020 (1998), quoting <u>Morrissey v. Brewer</u>, 408 U.S. 471, 483, 33 L. Ed. 2d 484, 495, 92 S. Ct. 2593, 2601 (1972).

In 1976, the law applicable to parolees stated the Board had the discretion to impose conditions it "deems necessary to assist the [parolee] in leading a law-abiding life." Ill. Rev. Stat. 1975, ch. 38, par. 1003-3-7(a). The statute provided a nonexhaustive list of conditions that the Board "may in addition to other conditions require" of those released on parole. Ill. Rev. Stat. 1975, ch. 38, par. 1003-3-7(b). In 1991, the General Assembly passed the Electronic Home Detention Law, which allowed the Board to impose, in its discretion, electronic monitoring as a condition of release on parole. Ill. Rev. Stat. 1991, ch. 38, par. 1005-8A-1 through 1005-8A-5.

"Whether retroactive application of a particular change in parole law respects the prohibition on <u>ex</u> <u>post</u> <u>facto</u> legislation is often a question of particular difficulty when the discretion vested in a parole board is taken into account." <u>Garner</u>, 529 U.S. at 250, 146 L. Ed. 2d at 244, 120 S. Ct. at 1367.

"[W]here parole is concerned[,] discretion,

by its very definition, is subject to changes in the manner in which it is informed and then exercised. The idea of discretion is that it has the capacity, and the obligation, to change and adapt based on experience. New insights into the accuracy of predictions about the offense and the risk of recidivism consequent upon the offender's release, along with a complex of other factors, will inform parole decisions." Garner, 529 U.S. at 253, 146 L. Ed. 2d at 246, 120 S. Ct. at 1369. Because states must have "due flexibility in formulating parole procedures and addressing problems associated with confinement and release" (Garner, 529 U.S. at 252, 146 L. Ed. 2d at 245, 120 S. Ct. at 1368), the ex post facto clauses are not to be employed for "the micromanagement of an endless array of legislative adjustments to parole and sentencing procedures" (Morales, 514 U.S. at 508, 131 L. Ed. 2d at 596, 115 S. Ct. at 1603).

Although a parole board's discretion does not displace the protections of the ex post facto clauses, the issue in this case centers on the operation of the Electronic Home Detention Law within the context of the Illinois parole system. See Garner, 529 U.S. at 252-53, 146 L. Ed. 2d at 245-46, 120 S. Ct. at 1368-69. In Illinois, the Board has complete discretion in

making parole determinations.  See <u>Hanrahan v. Williams</u>, 174 Ill. 2d 268, 276, 673 N.E.2d 251, 255 (1996).  The Board decides the conditions of parole, the time of discharge, the imposition of sanctions for parole violations, and the revocation of parole. 730 ILCS 5/3-3-2(a)(2) (West 2006).  The Board may impose conditions on parole or mandatory supervised release as it "deems necessary to assist the subject in leading a law-abiding life." 730 ILCS 5/3-3-7(a) (West 2006).  Further, offenders are subject to rules of conduct and "any special conditions deemed appropriate by the Board in individual cases."  20 Ill. Adm. Code §1610.80, as amended by 13 Ill. Reg. 3063 (effective February 28, 1989).

The Board's exercise of discretion necessarily cannot be restricted to those parole conditions that were feasible and regularly imposed at a particular point in time.  As new ideas are conceived and better technology discovered, changes will have to be made by the Board to determine the most beneficial conditions to impose on parolees.  Those changes, however, do not necessarily violate the <u>ex</u> <u>post</u> <u>facto</u> laws even when they apply "more severe parole guidelines than those in force when the crime was committed."  <u>Prater v. U.S. Parole Comm'n</u>, 802 F.2d 948, 951 (7th Cir. 1986).  Here, the Electronic Home Detention Law simply offered the Board another possibility to use at its discretion in setting the conditions for parole.

Moreover, the passage of the Electronic Home Detention Law did not impose punishment. The purpose of the parole and mandatory supervised release programs is not to punish offenders but to extend the Department of Correction's "control over the conduct of persons who repeatedly are denied parole and who when released have only minimal incentives to conform to society's standards." Faheem-El v. Klincar, 123 Ill. 2d 291, 301, 527 N.E.2d 307, 311 (1988). Here, the purpose of electronic monitoring was not to punish plaintiff but to foster his return to society through a supervised transition from prison life.

Finally, plaintiff's sentence has not been increased. In the case sub judice, plaintiff's sentence for his 1976 murder conviction was not increased upon the passage of the 1991 Electronic Home Detention Law and he will not be required to serve more time on parole than he would have under the prior law. Instead, a new parole condition was imposed that was not available when he was initially sentenced.

In 1976, when defendant committed his crime, as well as today, the Board had the discretion to impose conditions it deemed "necessary to assist the subject in leading a law-abiding life." Ill. Rev. Stat. 1975, ch. 38, par. 1003-3-7(a); 730 ILCS 5/3-3-7(a) (West 2006). A change in the law that "'simply explicitly articulate[s] the Parole Board's broad range of discretion which had always existed'" is procedural in nature and

- 12 -

does not affect the substantive rights of the parolee. Dewey v. Prisoner Review Board, 162 Ill. App. 3d 751, 753, 516 N.E.2d 621, 623 (1987), quoting Heirens v. Mizell, 729 F.2d 449, 463 (7th Cir. 1984). Here, the Electronic Home Detention Law simply articulated the Board's broad range of discretion in imposing conditions for parolees and allowed for electronic monitoring. The statutory change did not increase the severity of plaintiff's punishment after the commission of the crime or lengthen his term of imprisonment.

Recently, this court considered a pro se mandamus action wherein the plaintiff, an inmate at Lawrence Correctional Center, claimed the Board's conditioning his transition to mandatory supervised release on his submitting to electronic detention violated the ex post facto clauses because the condition was added after he committed his crime and was sentenced to prison. Neville, 376 Ill. App. 3d at 1117, 878 N.E.2d at 833. This court affirmed the trial court's dismissal of his complaint.

In doing so, this court found the statute in question, section 3-3-7(b-1)(6) of the Unified Code of Corrections (730 ILCS 5/3-3-7(b-1)(6) (West 2006)), provided the Board could impose electronic monitoring on sex offenders as a condition of release. Neville, 376 Ill. App. 3d at 1119, 878 N.E.2d at 834. We noted the condition was not listed in the statute when the plaintiff committed his crime but found the Board was authorized

- 13 -

at all relevant times to set conditions it deemed "'necessary to assist the subject in leading a law-abiding life.'" Neville, 376 Ill. App. 3d at 1119, 878 N.E.2d at 834, quoting 730 ILCS 5/3-3-7(a) (West 1998).

In analyzing the plaintiff's ex post facto claims, this court found the change in the law was "merely another possibility added" to the Board's discretionary authority, and the "ex post facto clauses do not apply to laws and regulations that merely advise." Neville, 376 Ill. App. 3d at 1119, 878 N.E.2d at 834. Further, the change in the law was not intended as punishment and it had not worked to increase the plaintiff's sentence. Neville, 376 Ill. App. 3d at 1120, 878 N.E.2d at 835. Thus, the plaintiff could not show an ex post facto violation.

Although this court is not bound by federal district court decisions, "such decisions can provide guidance and act as persuasive authority." Lucas, 349 Ill. App. 3d at 1002, 812 N.E.2d at 78. In Taylor v. Remmers, No. 01-C-5134 (N.D. Ill. April 12, 2002) (2002 WL 554520, at *1), the plaintiff was convicted of aggravated criminal sexual assault in 1987 and sentenced under a 1978 law to 25 years in the Illinois Department of Corrections, along with a mandatory supervised release term of 3 years. In January 1999, the plaintiff was released and placed under the electronic home-detention program. Taylor, slip op. at ___ (2002 WL 554520, at *2). The plaintiff brought a pro se

civil-rights action against the defendant parole officials, alleging, <u>inter</u> <u>alia</u>, the Electronic Home Detention Law amounted to an <u>ex</u> <u>post</u> <u>facto</u> law. <u>Taylor</u>, slip op. at ___ (2002 WL 554520, at *2).

In an unpublished memorandum opinion and order, the district court disagreed, stating the 1991 Electronic Home Detention Law "did not so affect the terms and conditions of his sentence as to violate his constitutional rights." <u>Taylor</u>, slip op. at ___ (2002 WL 554520, at *3). The court found as follows:

> "The Electronic Home Detention Law simply
> allows for a person on parole or mandatory
> supervised release to be placed on electronic
> home detention. The revision of existing
> parole procedures *** did not alter a sub-
> stantial, personal right. The plaintiff was
> statutorily required to serve three years of
> mandatory supervised release; supervised
> release easily encompasses the concept of
> electronic home detention, even if the tech-
> nology to support that form of monitoring did
> not widely exist at the time the plaintiff
> committed the crime for which he was sen-
> tenced.
>
> The statute governing parole and manda-

- 15 -

tory supervised release provides, 'The conditions of parole or mandatory supervised release shall be such as the Prisoner Review Board deems necessary to assist the subject in leading a law-abiding life.'  730 ILCS 5/3-3-7(a).  Electronic home detention serves that end.  The increased limitation on the plaintiff's freedom engendered by electronic home detention did not violate the Ex Post Facto Clause.  Such placement did not increase the quantum of punishment for the crime of which the plaintiff was convicted.  ***  It is not the case that the plaintiff was required to serve more time in prison or on supervised release than he would under the old law.  An essentially procedural condition of release was simply added."  Taylor, slip op. at ___ (2002 WL 554520, at *4).

We also note other courts have found the parole condition of electronic monitoring does not amount to an ex post facto violation.  See Vineyard v. Keese, 70 F.3d 1266 (5th Cir. 1995) (1995 WL 696732, at *1-2) (electronic monitoring was neither "so onerous" that it was effectively impossible to meet nor a monetary payment and thus did not amount to an ex post facto viola-

- 16 -

tion); <u>Rollins v. Quarterman</u>, No. 3-06-CV-1055-K, slip op. at ___ (N.D. Texas  February 12, 2007) (2007 WL 465304, at *3) (mandatory supervision conditions of electronic monitoring and home confinement did not constitute punishment, thus defeating the petitioner's <u>ex post facto</u> claim); <u>Randall v. Cockrell</u>, No. 3-02-CV-0648-G, slip op. at ___ (N.D. Texas September 25, 2002) (2002 WL 31156704, at *2) (mandatory supervision conditions requiring the petitioner to wear an electronic monitor and reside in a halfway house did not constitute punishment and did not violate the <u>ex post facto</u> clause); see also <u>Martin v. Walker</u>, No. 04-C-6098, slip op. at ___ (N.D. Ill. December 1, 2004) (2004 WL 2966930, at *1) (electronic home detention was "only a condition of [the plaintiff's] release and did not affect the duration of his time on mandatory supervised release").

In this case, the electronic monitoring condition was another tool the Board could utilize in its discretion to assist the plaintiff in leading a law-abiding life as he stepped outside the confines of the penitentiary and ventured back into a free society.  The condition was neither punitive in nature nor an increase in his sentence.  Thus, as in <u>Neville</u> and the federal court decisions, plaintiff cannot establish an <u>ex post facto</u> violation, thereby rendering his complaint for <u>mandamus</u> relief and a declaratory judgment without merit.

III. CONCLUSION

- 17 -

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

MYERSCOUGH and KNECHT, JJ., concur.