NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190603-U

NO. 4-19-0603

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 3, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| CARL WHITEHEAD, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| JOHN BALDWIN, KEVIN KINK, JANA CARIE, | ) | No. 18MR799 |
| SHANAE MAYBERRY, and SHERRY BENTON, | ) | |
| Defendants-Appellees. | ) | |
| | ) | Honorable |
| | ) | Jack D. Davis II, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Knecht and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, finding the trial court did not err in granting defendants' motion to dismiss where defendants alleged (1) due process violations did not interfere with plaintiff's liberty interest and (2) violations of various Illinois Department of Corrections regulations were insufficient to state a cause of action for *certiorari* and *mandamus* relief.

¶ 2    In October 2018, plaintiff, Carl Whitehead, an inmate in the custody of the Illinois Department of Corrections (DOC), filed a petition seeking a common-law writ of *certiorari* and a petition for *mandamus* relief, alleging defendants violated various DOC regulations and deprived him of his due process rights during his disciplinary proceedings.

¶ 3    In March 2019, defendants filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)), which the trial court subsequently granted.

¶ 4        Plaintiff appeals, *pro se*, arguing the trial court erred in dismissing his complaint where (1) he properly alleged a due process violation sufficient to state a cause of action for a writ of *certiorari* and (2) the court "erred by not addressing plaintiff's *mandamus* [petition]."

¶ 5        We affirm.

¶ 6                                   I. BACKGROUND

¶ 7        In October 2018, plaintiff filed a petition seeking a common-law writ of *certiorari* and a petition for *mandamus* relief, alleging defendants violated various DOC regulations and deprived him of his due process rights during his disciplinary proceedings. The following relevant facts are derived from the allegations in plaintiff's petitions and the exhibits attached thereto.

¶ 8        On April 24, 2018, plaintiff was served with an "Offender Disciplinary Report" charging him with violating four DOC regulations due to "an assault [that] had occurred utilizing a weapon" in December 2016, while plaintiff was an inmate at Menard Correctional Center. Based upon "the evidence processed from the scene *** and six eyewitnesses," the disciplinary report alleged that, "after an altercation in which [plaintiff] was the victim, [plaintiff] chose to pick up a weapon and retaliate[,] going across the length of the gym to pursue the inmates who assaulted him whom were sitting at a card table and were no longer a threat." The disciplinary report further alleged that "[t]he inmate [plaintiff] stabbed in the facial and back area required medical attention which a reasonable person could conclude that death or serious bodily harm could have resulted."

¶ 9        On April 29, 2018, the disciplinary committee, which included defendants Carie and Mayberry, held a hearing on the charges against plaintiff. Plaintiff pleaded not guilty and offered a written statement, but he did not request any witnesses. DOC served plaintiff with the

disciplinary committee's "Final Summary Report," in which the committee recommended, in relevant part, one year C-grade status, one year of segregation, revocation of one year of good-conduct credits, and one year of commissary restriction. The recommendations were approved by the chief administrative officer, defendant Kink.

¶ 10    In May 2018, plaintiff administratively appealed by filing a grievance, arguing his disciplinary report should be dismissed and alleging numerous violations of section 504 of Title 20 of the Administrative Code (20 Ill. Adm. Code 504.Subpart A).

¶ 11    In June 2018, the administrative review board denied plaintiff's grievance. In an order signed by defendant Benton, the board found no due process violation and was "reasonably satisfied [plaintiff] committed the offenses and recommend[ed] the grievance be denied." The acting director of the board, defendant Baldwin, concurred in the decision.

¶ 12    In August 2018, plaintiff filed an additional grievance alleging DOC withheld "exculpatory evidence" in violation of the due process clause of the fourteenth amendment (U.S. Const., amend. XIV) and section 504.80 of Title 20 of the Administrative Code (20 Ill. Adm. Code 504.80 (2017)). Plaintiff attached several laboratory reports to his grievance, which he argued tended to show his innocence.

¶ 13    In September 2018, the administrative review board again denied plaintiff's grievance, noting it had previously addressed the issue on "6/4/18" and "6/26/18," and that "no further review will be given."

¶ 14    In October 2018, plaintiff filed the instant petitions seeking a common-law writ of *certiorari* and *mandamus* relief. The claims in the petitions were based on allegations defendants failed to follow various DOC regulations and omitted certain "exculpatory evidence." Regarding the basis of the alleged due process violation, plaintiff alleged DOC withheld the "lab reports"

which listed plaintiff as a victim and that "this evidence could have boastered [*sic*] [plaintiff's] claim of innocence."

¶ 15		In March 2019, defendants filed a motion to dismiss and supporting memorandum of law pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)), arguing plaintiff received "all required safeguards of due process for his disciplinary report" pursuant to *Wolff v. McDonnell*, 418 U.S. 539 (1974).

¶ 16		In April 2019, plaintiff filed a response to defendants' motion to dismiss. Plaintiff argued, in part, he pleaded sufficient facts to state a claim for a common-law writ of *certiorari* based on defendants' various violations of DOC regulations and " 'newly discovered evidence' in the form of Laboratory Reports, (Final reports) where no fingerprints, nor Plaintiff Blood was found on the weapon recovered."

¶ 17		In August 2019, the trial court, "[h]aving reviewed the pleadings and hearing oral argument on the matter," entered a written order granting defendants' motion to dismiss pursuant to section 2-615 of the Code. The court found plaintiff "failed to show that he was denied an opportunity to call witnesses and present documentary evidence, such that he was denied due process," and dismissed the action. The court's written order did not formally address plaintiff's petition seeking *mandamus* relief.

¶ 18		This appeal followed.

¶ 19		                        II. ANALYSIS

¶ 20		As an initial matter, we must first determine the issue of jurisdiction to hear this cause, as the trial court's written order appealed from does not explicitly dispense with plaintiff's petition seeking *mandamus* relief. "[T]he ascertainment of its own jurisdiction is one of the two most important tasks of an appellate court panel when beginning the review of a case." *People v.*

*Smith*, 228 Ill. 2d 95, 106, 885 N.E.2d 1053, 1059 (2008). Defendants contend the court's written order is final and appealable under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994), as plaintiff's petitions seeking *certiorari* and *mandamus* relief "rested on the same allegations, sought to undo the same prison disciplinary decision, and were dismissed for the same reasons." Plaintiff does not challenge defendants' contentions related to jurisdiction. However, we must consider this issue "because any decision rendered beyond a court's jurisdiction is void ([citation]), and the issue of jurisdiction may not be waived ([citation])." *Cribbin v. City of Chicago*, 384 Ill. App. 3d 878, 884-85, 893 N.E.2d 1016, 1024 (2008). "A judgment is final when it terminate[s] the litigation between the parties on the merits of the cause." (Internal quotation marks omitted.) *Cribbin*, 384 Ill. App. 3d at 885. "However, '[w]hen the relief sought under different counts [of the plaintiff's complaint] is identical, and disposition of the one necessarily entails disposal of the other, then the grant of relief under one count will be deemed, for purpose of appeal, to constitute a resolution of the other count as well.' " *Smith v. Policemen's Annuity and Benefit Fund*, 391 Ill. App. 3d 542, 546, 909 N.E.2d 300, 305 (2009) (quoting *Cribbin*, 384 Ill. App. 3d at 885).

¶ 21    Here, plaintiff's petitions seeking *certiorari* and *mandamus* relief rest on the same theory—that, based on defendants' alleged violations of Title 20 of the Administrative Code and alleged failure to consider "exculpatory evidence," this court should award plaintiff his good conduct credit and vacate his disciplinary report—"so, for purposes of appeal, the resolution of the former obviates the necessity of a formal resolution of the latter." *Cribbin*, 384 Ill. App. 3d at 885. Accordingly, the court's written order is a final appealable order, and we have jurisdiction of this appeal pursuant to Rule 301.

¶ 22                                A. Standard of Review

¶ 23 On appeal, plaintiff asserts the trial court erred in granting defendants' motion to dismiss pursuant to section 2-615 of the Code. We disagree.

¶ 24 A motion to dismiss under section 2-615 of the Code challenges only the legal sufficiency of the complaint. *Schloss v. Jumper*, 2014 IL App (4th) 121086, ¶ 20, 11 N.E.3d 57. In ruling on a section 2-615 motion to dismiss, "the question is 'whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted.' " *Green v. Rogers*, 234 Ill. 2d 478, 491, 917 N.E.2d 450, 458-59 (2009) (quoting *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81, 806 N.E.2d 632, 634 (2004)). The trial court should not grant the motion to dismiss "unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief." *Tedrick v. Community Resource Center, Inc.*, 235 Ill. 2d 155, 161, 920 N.E.2d 220, 223 (2009). We review a dismissal pursuant to section 2-615 *de novo*. *Beacham v. Walker*, 231 Ill. 2d 51, 57, 896 N.E.2d 327, 331 (2008).

¶ 25                                B. Forfeiture

¶ 26 Defendants assert plaintiff's brief violates Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018) by failing to develop any cogent argument in support of his claims in his opening brief. Defendants' argument is well-taken, and plaintiff's brief does violate portions of Rule 341(h). In his brief, plaintiff fails to develop legal argument, provide proper citations to the record, cite relevant authority, and continually dumps the burden of research and argument on this court in violation of Illinois Supreme Court rules. See *People v. Hood*, 210 Ill. App. 3d 743, 746, 569 N.E.2d 228, 230 (1991) (observing this court "is not simply a depository into which the appealing party may dump the burden of argument and research"). Applying the doctrine of forfeiture to plaintiff's argument on appeal is a drastic measure, and we decline to do so. See

*People v. Curry*, 2018 IL App (1st) 152616, ¶ 36, 100 N.E.3d 482 (stating "forfeiture is a limitation on the parties, not the court, and we may exercise our discretion to review an otherwise forfeited issue"). However, if the violation of the supreme court rules significantly hampers our ability to review an issue, then we will apply forfeiture to that issue. See *Trilisky v. City of Chicago*, 2019 IL App (1st) 182189, ¶ 54, 143 N.E.3d 925 (noting the failure to elaborate on an argument, cite persuasive authority, or present a well-reasoned theory as required by Rule 341 can cause a party to forfeit consideration of the issue). Forfeiture aside, we shall address plaintiff's arguments as he has presented them and as best as we can discern them.

¶ 27                                    B. Alleged Violation of Due Process

¶ 28            Plaintiff maintains he sufficiently stated a cause of action for *certiorari* and *mandamus* relief based on defendants' alleged violations of his due process rights.

¶ 29            "When presented with an alleged procedural due process violation in the context of prison disciplinary proceedings, the first step in our analysis involves determining whether a liberty or property interest has been interfered with by the State, for if there is not, no process is due." *Trevino v. Baldwin*, 2020 IL App (4th) 180682, ¶ 20; see also *Hill v. Walker*, 241 Ill. 2d 479, 485, 948 N.E.2d 601, 604 (2011) (noting the starting point in any due process analysis is determining whether a protectable interest is present, since, if not, then there is no due process issue). "In the event a liberty or property interest has been interfered with by the State, the second step involves an examination of whether the procedures attendant upon that interference were constitutionally sufficient." *Trevino*, 2020 IL App (4th) 180682, ¶ 20.

¶ 30            In *Fillmore v. Taylor*, 2019 IL 122626, 137 N.E.3d 779, our supreme court reviewed the disciplinary sanctions that may be imposed by DOC under section 504.80(k)(4) of

Title 20 of the Administrative Code (20 Ill. Adm. Code 504.80(k)(4), amended at 27 Ill. Reg. 6214 (eff. May 1, 2003)), and stated:

"[W]ith limited exceptions, none of the disciplinary actions set forth in the Department's regulations impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. It is not the violation of the regulation itself that gives rise to the cause of action but, rather, the interest affected by the discipline imposed. Consequently, we cannot say that the Department's regulations create a right of action that allows inmates to file suit in state court to compel correctional officers to comply with the Department's regulations.

As [*Sandin v. Conner*, 515 U.S. 472 (1995)] recognized, in departing from an analysis that looked to the language of a particular regulation in order to determine a prisoner's liberty interest, such an analysis was 'a good deal less sensible in the case of a prison regulation primarily designed to guide correctional officials in the administration of a prison.' *Sandin*, 515 U.S. at 481-82. *Sandin* explained that 'such regulations [are] not designed to confer rights on inmates.' [*Sandin*, 515 U.S. at 482.] Rather, in the context of prison disciplinary proceedings, a prisoner is entitled to due process protections, such as the procedural protections set forth in *Wolff*, 418 U.S. 539, only when the penalty faced by the prisoner implicates a liberty interest because it affects the nature or

duration of his confinement. *Sandin*, 515 U.S. at 486-87."

*Fillmore*, 2019 IL 122626, ¶¶ 47-48.

Thus, " 'only sanctions which result in loss of good conduct time credits for inmates who are eligible for release on mandatory supervision or which otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest.' " *Trevino*, 2020 IL App (4th) 180682, ¶ 22 (quoting *Fillmore*, 2019 IL 122626, ¶ 56).

¶ 31    Here, plaintiff fails to establish the discipline imposed against him interfered with a liberty or property interest. Further, the punishment he received (one year C-grade status, one year of segregation, revocation of one year of good-conduct credits, and one year of commissary restriction) did not impose atypical and significant hardship on him as it relates to the ordinary incidents of prison life. Even if plaintiff's good conduct credits were revoked as a result of his disciplinary proceedings, such revocation did not interfere with a liberty interest in this case because plaintiff's sentence does not include release on mandatory supervision. According to DOC's website, plaintiff was convicted in Cook County case No. 06-CR-1803801 of first degree murder and received a sentence of life imprisonment. See Whitehead, Carl, Illinois Department of Corrections: Offender Search, https://www.illinois.gov/IDOC/Offender/Pages/InmateSearch.aspx (search "IDOC#"; enter "M00110") (last visited Oct. 31, 2020); *Trevino*, 2020 IL App (4th) 180682, ¶ 22 (noting the appellate court may take judicial notice of DOC records). "Because plaintiff is ineligible for release, the revocation of any sentencing credits did not interfere with a liberty interest." *Trevino*, 2020 IL App (4th) 180682, ¶ 22.

¶ 32        As plaintiff failed to allege a constitutionally protected interest, there can be no due process violation, and he fails to set forth a cause of action for *certiorari* or *mandamus* relief. See *Hill*, 241 Ill. 2d at 485.

¶ 33                    B. Alleged Violations of DOC Regulations

¶ 34        Plaintiff asserts he sufficiently stated a cause of action for *mandamus* relief where defendants refused to perform "specific ministerial duties" based on defendants' various violations of DOC regulations. We note plaintiff abandons this argument on appeal, as it relates to his petition for a writ of *certiorari*, stating he "originally raised multiple Administrative Code violations. However, case law has changed, [and] Supreme court decisions have come down since original filing ***."

¶ 35        "*Mandamus* is an extraordinary remedy traditionally used to compel a public official to perform a ministerial duty." *People ex rel. Madigan v. Snyder*, 208 Ill. 2d 457, 464, 804 N.E.2d 546, 552 (2004). A petition for *mandamus* will be granted " 'only if a plaintiff establishes a clear, affirmative right to relief, a clear duty of the public official to act, and a clear authority in the public official to comply with the writ.' " *Hadley v. Montes*, 379 Ill. App. 3d 405, 407, 883 N.E.2d 703, 705-06 (2008) (quoting *People ex rel. Ryan v. Roe*, 201 Ill. 2d 552, 555, 778 N.E.2d 701, 703 (2002)). The plaintiff bears the burden of demonstrating a clear, legal right to the requested relief and must set forth every material fact necessary to prove he is entitled to a writ of *mandamus*. *Lucas v. Taylor*, 349 Ill. App. 3d 995, 998, 812 N.E.2d 72, 75 (2004).

¶ 36        As stated, the supreme court in *Fillmore* determined DOC's regulations do not create "a right of action that allows inmates to file suit in state court to compel correctional officers to comply with the Department's regulations." *Fillmore*, 2019 IL 122626, ¶ 47. "To find

otherwise *** would 'create disincentives for the State to codify prison management procedures and would lead to the involvement of state courts in day-to-day management of prisons.' " *Trevino*, 2020 IL App (4th) 180682, ¶ 26 (quoting *Fillmore*, 2019 IL 122626, ¶ 49). However, "this does not mean prison officials may ignore Department regulations. [Citation.] To the contrary, prison officials are required to follow its regulations, and an inmate who believes those regulations have not been followed may, as plaintiff did in this case, appeal through the proper grievance procedures." *Trevino*, 2020 IL App (4th) 180682, ¶ 28.

¶ 37        Here, plaintiff's petition fails to sufficiently set forth a cause of action for *mandamus* relief, as the failure to follow DOC regulations does not—by itself—create an independent right of action which allows an inmate to file suit to compel a correctional officer to comply with the regulation in state court. Thus, the trial court's dismissal was proper.

¶ 38                                III. CONCLUSION

¶ 39        For the foregoing reasons, we affirm the trial court's judgment.

¶ 40        Affirmed.