# Illinois Official Reports

## Appellate Court

---

### *People v. James*, 2017 IL App (4th) 160256

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS R. JAMES, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-16-0256 |
| Filed | May 3, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Vermilion County, No. 02-CF-141; the Hon. Craig H. DeArmond, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Thomas R. James, of Pinckneyville, appellant *pro se*.<br><br>Randall J. Brinegar, State's Attorney, of Danville (Patrick Delfino, David J. Robinson, and John M. Zimmerman, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE KNECHT delivered the judgment of the court, with opinion.<br>Justices Steigmann and Pope concurred in the judgment and opinion. |

**OPINION**

¶ 1  Defendant, Thomas R. James, appeals from the trial court's dismissal of his petition for issuance of a certificate of good conduct under section 5-5.5-30 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-5.5-30 (West Supp. 2015)). We affirm.

¶ 2                                    I. BACKGROUND

¶ 3  In September 2002, a jury found defendant guilty of aggravated robbery (720 ILCS 5/18-2(a)(1) (West 2002)), a Class X felony. In December 2002, the trial court sentenced defendant to 32 years' imprisonment.

¶ 4  In January 2016, defendant filed a *pro se* petition for the issuance of a certificate of good conduct under section 5-5.5-30 of the Unified Code (730 ILCS 5/5-5.5-30 (West Supp. 2015)). Defendant requested the trial court conduct a rehabilitation hearing, find him to be rehabilitated, issue a certificate of good conduct, and serve the Director of the Illinois Department of Corrections (DOC) with a copy of the certificate.

¶ 5  In February 2016, the trial court dismissed defendant's petition. In a docket entry, the court noted: "There is no legal basis for such a pleading." Defendant filed a timely motion to reconsider.

¶ 6  In March 2016, the trial court denied defendant's motion to reconsider. In a docket entry, the court noted:

> "The [p]etitioner misinterprets the [c]ourt's previous [dismissal]. There is a statutory basis for a [c]ertificate of [g]ood [c]onduct found in [section 5-5.5-25 of the Unified Code (730 ILCS 5/5-5.5-25 (West 2014))], however, the [p]etitioner has provided no legal basis for the issuance thereof."

Defendant appealed, and the office of the State Appellate Defender (OSAD) was appointed to represent defendant.

¶ 7  In April 2016, OSAD filed a motion for leave to withdraw as appellate counsel, asserting defendant's appeal did not fall within the scope of its representation. That same month, this court granted OSAD's motion.

¶ 8                                    II. ANALYSIS

¶ 9  Defendant, proceeding *pro se*, argues the trial court's dismissal of his petition for the issuance of a certificate of good conduct under section 5-5.5-30 of the Unified Code (730 ILCS 5/5-5.5-30 (West Supp. 2015)) violates (1) due process, (2) the plain-error doctrine, and (3) Illinois Supreme Court Rules 18 and 19 (eff. Sept. 1, 2006). The State contends the court's dismissal was proper as the relief requested is wholly inapplicable to defendant.

¶ 10  Whether the relief requested is applicable to defendant presents an issue of statutory construction, which we review *de novo*. *In re Commitment of Fields*, 2014 IL 115542, ¶ 32, 10 N.E.3d 832. Our primary objective in construing a statute is to ascertain and give effect to the intent of the legislature. *Id.* The most reliable indicator of legislative intent is the language of the statute. *Id.* Where the language is clear and unambiguous, we must apply the statute as written, without resorting to other aids of statutory construction. *Id.*

¶ 11    Section 5-5.5-25 of the Unified Code (730 ILCS 5/5-5.5-25 (West 2014)) grants individuals convicted of certain offenses the opportunity to apply for a "certificate of good conduct" to assist with obtaining gainful employment, and section 5-5.5-30 of the Unified Code (730 ILCS 5/5-5.5-30 (West Supp. 2015)) provides the process for the issuance thereof. Specifically, subsection 5-5.5-25(a) of the Unified Code (730 ILCS 5/5-5.5-25(a) (West 2014)) provides:

> "A certificate of good conduct may be granted as provided in this [s]ection to relieve an eligible offender of any employment bar. The certificate may be limited to one or more disabilities or bars or may relieve the individual of all disabilities and bars.
>
> Notwithstanding any other provision of law, a certificate of good conduct does not relieve an offender of any employment-related disability imposed by law by reason of his or her conviction of a crime that would prevent his or her employment by the [DOC] or the Department of Juvenile Justice, or any other law enforcement agency in the State."

See also 730 ILCS 5/5-5.5-5 (West Supp. 2015) (defining "[e]ligible offender"). Subsection 5-5.5-25(c) of the Unified Code (730 ILCS 5/5-5.5-25(c) (West 2014)) further provides:

> "An employer is not civilly or criminally liable for an act or omission by an employee who has been issued a certificate of good conduct, except for a willful or wanton act by the employer in hiring the employee who has been issued a certificate of good conduct."

¶ 12    According to the DOC website, defendant is currently imprisoned, with a projected parole date of March 8, 2033, and a projected discharge date of March 8, 2036. See https://www.idoc.state.il.us/subsections/search/inms_print.asp?idoc=a10447 (last visited Apr. 18, 2017); see also *People v. Peterson*, 372 Ill. App. 3d 1010, 1019, 868 N.E.2d 329, 336 (2007) (appellate court may take judicial notice of DOC records). At this time, defendant does not face the hurdles of obtaining gainful employment with a criminal record and, therefore, is not entitled to a certificate of good conduct. Because the relief requested is inapplicable to defendant under the circumstances presented, the trial court properly dismissed defendant's petition.

¶ 13                                    III. CONCLUSION

¶ 14    We affirm the trial court's judgment. As part of our judgment, we grant the State its statutory assessment of $50 against defendant as costs of this appeal. 55 ILCS 5/4-2002(a) (West 2014).

¶ 15    Affirmed.