2020 IL App (4th) 180682

NO. 4-18-0682

FILED
July 30, 2020
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| LUIS TREVINO, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| JOHN R. BALDWIN, JASON E. GINDER, and ELDON | ) | No. 17MR1003 |
| L. COOPER, | ) | |
| Defendants-Appellees. | ) | Honorable |
| | ) | Brian T. Otwell, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court, with opinion.
Justices Turner and Harris concurred in the judgment and opinion.

**OPINION**

¶ 1       Plaintiff, Luis Trevino, an inmate in the custody of the Illinois Department of
Corrections (Department), filed a two-count complaint against three officers of the Department,
defendants John R. Baldwin, Jason E. Ginder, and Eldon L. Cooper, alleging they violated his
procedural due process rights and failed to follow various Department regulations during his
disciplinary proceedings. Following a hearing, the circuit court of Sangamon County granted
defendants' motion to dismiss, finding plaintiff's complaint failed to set forth a cause of action
upon which relief could be granted. Plaintiff appeals, arguing that dismissal was in error. We
affirm.

¶ 2                                   I. BACKGROUND

¶ 3       In May 2016, plaintiff was served with an inmate disciplinary report charging him
with violating prison rules by participating in security threat group activity and by conspiring to

assault a correctional officer. According to the report, the prison intelligence unit investigated an incident where an inmate assaulted a correctional officer and learned the following from speaking with confidential sources and reviewing confiscated written material: (1) plaintiff was a member of the Latin Kings security threat group and served on the Latin Kings Crown Council, (2) the Latin Kings Crown Council consisted of seven members and was responsible for screening and accepting new applicants for membership based on a majority vote, and (3) a Latin Kings member gave the inmate who committed the assault against the correctional officer a direct order to do so as a means of establishing the inmate's loyalty to the Latin Kings. Based on this information, the intelligence unit concluded plaintiff participated in security threat group activity and was responsible for the organized assault on the correctional officer.

¶ 4	In June 2016, an adjustment committee, which consisted of defendants Ginder and Cooper, conducted a hearing on the disciplinary charges against plaintiff. The committee found the violations occurred as reported. As punishment, the committee recommended, in part, revocation of one year of good conduct credits. The chief administrative officer approved the adjustment committee's recommendation.

¶ 5	In July 2016, plaintiff filed a grievance alleging that, contrary to the findings of the adjustment committee, the charges against him were unsubstantiated. Plaintiff also alleged violations of his procedural due process rights.

¶ 6	In December 2016, a grievance officer issued a report recommending plaintiff's grievance be denied. The chief administrative officer concurred with the recommendation. Plaintiff appealed to the Department's director, and the matter was referred to its administrative review board.

¶ 7	In May 2017, the administrative review board affirmed the denial of plaintiff's

grievance, finding it was reasonably satisfied plaintiff committed the charged offenses and there was no procedural due process violation. Defendant Baldwin, the acting director of the board, concurred in the decision.

¶ 8 In October 2017, plaintiff filed a two-count complaint against defendants in the circuit court. Count I sought a writ of *mandamus*, and count II sought a common-law writ of *certiorari*. Both counts were based on claims alleging defendants committed violations of plaintiff's procedural due process rights and failed to follow various Department regulations. With respect to the alleged procedural due process violations, plaintiff did not indicate his basis for believing he was entitled to procedural due process protections.

¶ 9 In April 2018, defendants filed a motion to dismiss plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-615 (West 2016)). Defendants argued dismissal was warranted, as plaintiff's complaint failed to state a cause of action upon which relief could be granted. As to the alleged procedural due process violations, defendants believed plaintiff was entitled to procedural due process protections because his loss of good conduct credits interfered with a liberty interest but asserted the exhibits attached to plaintiff's complaint showed he was accorded the requisite protections. In concluding plaintiff's loss of good conduct credits interfered with a liberty interest, defendants did not address the sentences plaintiff was serving for his criminal conduct.

¶ 10 In May 2018, plaintiff filed a response to defendants' motion to dismiss. As to the alleged procedural due process violations, plaintiff adopted defendants' position suggesting he was entitled to procedural due process protections because his loss of good conduct credits interfered with a liberty interest, but he asserted the exhibits attached to his complaint did not show he was accorded the requisite protections.

¶ 11　　　　In September 2018, the trial court conducted a hearing on defendants' motion to dismiss via telephone. The record does not contain transcripts from the hearing, a bystander's report, or an agreed-upon statement of facts.

¶ 12　　　　In October 2018, the trial court entered a docket entry granting defendants' motion to dismiss. The court noted plaintiff was serving natural life sentences and, therefore, his loss of any good conduct credits "arguably" did not interfere with a liberty interest.

¶ 13　　　　This appeal followed.

¶ 14　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 15　　　　On appeal, plaintiff argues the trial court's dismissal was in error, as his complaint sufficiently set forth causes of action upon which relief could be granted. Defendants disagree.

¶ 16　　　　　　　　　　　　　　　A. Standard of Review

¶ 17　　　　We review a trial court's judgment granting a section 2-615 motion to dismiss *de novo*. *Roberts v. Board of Trustees of Community College District No. 508*, 2019 IL 123594, ¶ 21, 135 N.E.3d 891. A complaint should not be dismissed under section 2-615 of the Civil Code "unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recover." *Id.* In making that determination, we "must take as true all well-pled allegations of fact contained in the complaint and exhibits attached thereto." *Beahringer v. Page*, 204 Ill. 2d 363, 365, 789 N.E.2d 1216, 1219 (2003).

¶ 18　　　　B. Alleged Violations of Plaintiff's Procedural Due Process Rights

¶ 19　　　　Plaintiff asserts his complaint sufficiently set forth causes of action for *mandamus* and *certiorari* relief based on defendants' alleged violations of his procedural due process rights.

¶ 20　　　　When presented with an alleged procedural due process violation in the context of prison disciplinary proceedings, the first step in our analysis involves determining whether a

liberty or property interest has been interfered with by the State, for if there is not, no process is due. *Hill v. Walker*, 241 Ill. 2d 479, 485, 948 N.E.2d 601, 604 (2011). In the event a liberty or property interest has been interfered with by the State, the second step involves an examination of whether the procedures attendant upon that interference were constitutionally sufficient. See, *e.g.*, *Fillmore v. Taylor*, 2019 IL 122626, ¶¶ 57-66, 137 N.E.3d 779. In this case, our inquiry begins and ends with the first step.

¶ 21 Plaintiff maintains the State interfered with a liberty interest by revoking his good conduct credits. Defendants, in response, simply note, "In Illinois, inmates have a statutory right to receive good-conduct credits, and thus have a liberty interest in those credits that entitles them to procedural [due process protections]."

¶ 22 Even if plaintiff received sentencing credits and then had those credits revoked as a result of his disciplinary proceedings, we find that revocation did not interfere with a liberty interest in this case. According to the Department's website, plaintiff was convicted in Cook County case No. 01-CR-1506501 of first degree murder and armed robbery and sentenced to two terms of life imprisonment. See Ill. Dep't of Corrections, https://www2.illinois.gov/idoc/Offender/pages/inmatesearch.aspx (last visited July 28, 2020) [https://perma.cc/C4R3-YC9Z]; *People v. James*, 2017 IL App (4th) 160256, ¶ 12, 77 N.E.3d 743 (taking judicial notice of the information contained on the Department's website). As our supreme court recently stated, "only sanctions which result in loss of good conduct time credits for inmates who are eligible for release on mandatory supervision or which otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest." (Internal quotation marks omitted.) *Fillmore*, 2019 IL 122626, ¶ 56. Because plaintiff is ineligible for release, the revocation of any sentencing credits did not interfere with a liberty interest.

¶ 23        Plaintiff has failed to establish the discipline imposed against him interfered with a liberty or property interest. Accordingly, his complaint fails to set forth causes of action for *mandamus* and *certiorari* relief based on defendants' alleged violations of his procedural due process rights.

¶ 24                    C. Alleged Violations of Department Regulations

¶ 25        Plaintiff also asserts his complaint sufficiently set forth causes of action for *mandamus* and *certiorari* relief based on defendants' violations of various Department regulations.

¶ 26        In *Fillmore*, the supreme court found Department regulations did not create an independent right of action allowing "inmates to file suit in state court to compel correctional officers to comply with the Department's regulations." *Id.* ¶ 47. To find otherwise, the court stated, would "create disincentives for the State to codify prison management procedures and would lead to the involvement of state courts in day-to-day management of prisons." *Id.* ¶ 49. Stated differently, the court found "Department regulations create no more rights for inmates than those that are constitutionally required." *Id.*

¶ 27        Because the failure to follow a Department regulation does not by itself create an independent right of action allowing an inmate to file suit in state court to compel a correctional officer to comply with the regulation, plaintiff's complaint fails to set forth causes of action for *mandamus* and *certiorari* relief on that basis, and dismissal was proper.

¶ 28        In so finding, we emphasize, as the supreme court did in *Fillmore*, this does not mean prison officials may ignore Department regulations. *Id.* ¶ 54. To the contrary, prison officials are required to follow its regulations, and an inmate who believes those regulations have not been followed may, as plaintiff did in this case, appeal through the proper grievance procedures. *Id.*

¶ 29                              III. CONCLUSION

- 6 -

¶ 30        We affirm the trial court's judgment.

¶ 31        Affirmed.

**No. 4-18-0682**

| | |
|---|---|
| **Cite as:** | *Trevino v. Baldwin*, 2020 IL App (4th) 180682 |
| **Decision Under Review:** | Appeal from the Circuit Court of Sangamon County, No. 17-MR-1003; the Hon. Brian T. Otwell, Judge, presiding. |
| **Attorneys for Appellant:** | Luis Trevino, of Sumner, appellant *pro se*. |
| **Attorneys for Appellee:** | Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Valerie Quinn, Assistant Attorney General, of counsel), for appellees. |