NOTICE
This Order was filed under Supreme
Court Rule 23 and is not precedent
except in the limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 200181-U

NO. 4-20-0181

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 16, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THOMAS J. KUNA-(JACOB), | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Greene County |
| CAROLYN GROSBOLL, CHIEF CLERK OF THE | ) | No. 19MR25 |
| SUPREME COURT, STATE OF ILLINOIS, | ) | |
|     Defendant-Appellee. | ) | Honorable |
| | ) | James W. Day, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Cavanagh and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, finding the trial court did not err in dismissing plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2018)).

¶ 2         Plaintiff, Thomas J. Kuna-(Jacob), filed a complaint against defendant, Carolyn Grosboll, the Clerk of the Illinois Supreme Court. Defendant moved to dismiss the complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)), and the trial court granted defendant's motion. Plaintiff appeals, arguing the court erred in granting defendant's motion. We affirm.

¶ 3                           I. BACKGROUND

¶ 4         In September 2019, plaintiff *pro se* filed a complaint against defendant. Although it is not entirely clear from the complaint, it appears plaintiff attempted to assert a *mandamus*

claim against defendant. Plaintiff alleged "Clerk Grosboll and her staff have refused to give an IL SC File No to [plaintiff's lawsuit against a credit union] 6-8 times ***, giving unfair advantage to the opposing litigants ***." Plaintiff further alleged defendant "repeatedly returned [his] filings alleging *ex parte* communications between a party and a judge are forbidden ***." Plaintiff requested the trial court "directly Order Clerk Grosboll to give an ILSC file number" to his action against the credit union.

¶ 5    Defendant filed a motion to dismiss the complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)). Defendant argued the complaint failed to state a cognizable cause of action because plaintiff did not "allege a coherent set of facts to appraise the Defendant of the allegations brought against her." Defendant further argued that, assuming plaintiff brought a *mandamus* action, plaintiff did not, and could not, establish any set of facts demonstrating he was entitled to relief.

¶ 6    Plaintiff filed a response to the motion to dismiss and attached several letters previously sent to him by defendant. In a letter dated August 2, 2019, defendant informed plaintiff his petition for leave to appeal as a matter of right did not comply with Illinois Supreme Court Rule 315(c) (eff. July 1, 2018) and identified the specific ways in which the petition failed to meet the requirements of that rule. In a letter dated August 9, 2019, defendant stated the following:

> "Your submission is still not in compliance with Supreme
> Court Rules for filing in this Court. Please refer to our previous
> correspondence to you, specifically our letter dated August 2,
> 2019, with attachments (letters of July 19, 2019 and July 25, 2019)

containing instructions on preparing a proper petition. Your documents are being returned to you with this letter, unfiled."

¶ 7 The trial court granted the State's motion following a hearing, stating as follows: "as [a] quick summary, sir, I know you have a number of complaints but I also note that you've attached—you've attached to your papers a letter from the Supreme Court of Illinois, signed, what needs to be done to file certain things. And I think various requirements were carefully outlined to you but bottom line, sir, is you simply don't—you haven't stated a case against [defendant] here. And I'm going to have to dismiss your complaint."

Plaintiff filed a motion to reconsider, which the trial court denied.

¶ 8 This appeal followed.

¶ 9 II. ANALYSIS

¶ 10 On appeal, plaintiff argues the trial court erred in dismissing his complaint.

¶ 11 We review a dismissal under section 2-615 *de novo*. See, *e.g.*, *Trevino v. Baldwin*, 2020 IL App (4th) 180682, ¶ 17. "A complaint should be dismissed under section 2-615 only if it is clearly apparent from the pleadings that no set of facts can be proved that would entitle the plaintiff to recover." *In re Estate of Powell*, 2014 IL 115997, ¶ 12, 12 N.E.3d 14.

¶ 12 Initially, we note plaintiff forfeited his argument on appeal by failing to comply with Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018). See, *e.g.*, *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises*, 2013 IL 115106, ¶ 56, 4 N.E.3d 1 ("Failure to comply with [Rule 341's] requirements results in forfeiture."). For example, plaintiff's brief does not contain any of the sections mandated by Rule 341—*e.g.*, "points and authorities," "statement

of jurisdiction," *etc.*—nor does plaintiff cite to a single authority in support of his argument. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). Forfeiture aside, no colorable argument can be made plaintiff was entitled to a writ of *mandamus*.

¶ 13    "*Mandamus* is an extraordinary remedy compelling a public official to perform a purely ministerial act that does not involve the exercise of discretion. [Citation.] The petitioner must establish (1) a clear right to the relief requested, (2) a clear duty of the public official to act, and (3) clear authority of the public official to comply." *Oliver v. Kuriakos-Ciesil*, 2020 IL App (4th) 190250, ¶ 22.

¶ 14    Here, put simply, plaintiff does not have a right to compel the clerk of the supreme court to file documents that fail to conform to Illinois Supreme Court Rules. Based on the letters plaintiff received from defendant and which plaintiff attached as exhibits to his complaint, his proposed filings were defective as violative of court rules, and could not be accepted for filing. Thus, it is clearly apparent plaintiff can prove no set of facts that would entitle him to *mandamus* relief, and the trial court did not err in dismissing his complaint.

¶ 15                              III. CONCLUSION

¶ 16    For the reasons stated, we affirm the trial court's judgment.

¶ 17    Affirmed.