NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210457-U

NO. 4-21-0457

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 4, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| PAUL SMITH, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| JACOB DALTON, KENNEDY WOODS, TERI | ) | No. 20MR203 |
| KENNEDY, AMY BURLE, and ROB JEFFREYS, | ) | |
|     Defendants-Appellees. | ) | Honorable |
| | ) | Jennifer Ascher, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Harris and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in dismissing plaintiff's petition requesting *certiorari* review of his prison disciplinary proceedings based on allegations of denial of due process. Plaintiff did not have a liberty interest at stake when he was sanctioned with a two-month commissary restriction and alleged defendants failed to follow Illinois Department of Corrections regulations.

¶ 2    Plaintiff, Paul Smith, an inmate in the custody of the Illinois Department of Corrections (the Department) at the Pontiac Correctional Center (Pontiac), filed a *pro se* complaint against defendants Jacob Dalton and Kennedy Woods, who were members of Pontiac's adjustment committee, Teri Kennedy, who served as Pontiac's chief administrative officer, Amy Burle, who was a member of the administrative review board, and Rob Jeffreys, who served as the acting director of the Department.

¶ 3    Pontiac's adjustment committee found plaintiff guilty of violating Department rules and recommended a two-month commissary restriction. The prison's chief administrative

officer approved the recommendation. Plaintiff appealed to the Department's director and the matter was referred to the administrative review board (Board). The Board denied plaintiff's grievance, and the acting director of the Department concurred in the denial.

¶ 4    Plaintiff sought a common-law writ of *certiorari* in the circuit court. The circuit court granted defendants' motion to dismiss plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)). Plaintiff appeals *pro se*, contending he was denied due process and the procedures defendants followed violated Department regulations. We determine plaintiff did not have a liberty interest at stake and affirm.

¶ 5                                I. BACKGROUND

¶ 6    On September 24, 2019, plaintiff was served with an offender disciplinary report (ODR) for violating two Department rules, Rule 313, disobeying a direct order, and Rule 307, unauthorized movement. The ODR alleged plaintiff approached the showers to clean them, and a correctional officer gave plaintiff a direct command to wait, which plaintiff ignored.  The officer ordered plaintiff to stop cleaning, and plaintiff did not comply. The officer then gave plaintiff a direct order to go back to his cell and "lock up," which plaintiff also refused to obey. Instead, plaintiff walked toward the end of the gallery to speak to the sergeant, who also ordered plaintiff to "lock up." Plaintiff then complied. The ODR stated if plaintiff wished to have a witness interviewed or testify during the disciplinary hearing, he must make the request by filling in the appropriate space on the ODR and returning it to the adjustment committee before the hearing. The witness-request portion of the ODR remained attached and blank.

¶ 7    Plaintiff appeared before the adjustment committee and pleaded not guilty. The adjustment committee issued a final summary report, finding plaintiff guilty and stating the committee members were satisfied the violations occurred as reported. The report indicated there

were "no witnesses requested" and reiterated the facts described in the ODR as the basis for the decision. The adjustment committee recommended a two-month commissary restriction, and Chief Administrative Officer Kennedy concurred with the recommendation.

¶ 8          Plaintiff submitted a grievance regarding the adjustment committee's final summary report.  The record does not contain a copy of the grievance. Plaintiff appealed to the Department's acting director and the matter was referred to the Board. The Board denied the grievance, stating it found no violation of plaintiff's due process rights and it was reasonably satisfied plaintiff committed the offenses cited in the ODR. Defendant Jeffreys, the acting director of the Department, concurred.

¶ 9          Having exhausted his administrative remedies, plaintiff next filed an action in the circuit court for a common-law writ of *certiorari*, alleging the adjustment committee violated his right to procedural due process because the adjustment committee relied solely on the disciplinary report as a basis for finding him guilty and failed to call a witness who would have provided exculpatory evidence. Defendants moved to dismiss plaintiff's complaint, arguing plaintiff failed to state a cause of action because the restriction imposed did not result in loss of good time credits or punitive segregation, and was not punishable in state criminal proceedings.

¶ 10          Plaintiff responded, restating allegations the adjustment committee violated his due process rights because they refused to call a witness who would provide exculpatory evidence and relied solely on the responding officer's report as the basis for its decision. Plaintiff also alleged the adjustment committee failed to follow Department regulations governing disciplinary hearings.

¶ 11     After a hearing, the circuit court granted defendants' motion to dismiss pursuant to section 2-615 of the Code, finding plaintiff did not have a liberty interest at stake requiring due process protections. This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13     Plaintiff contends the trial court erred in dismissing his complaint because he was denied his right to due process when the adjustment committee failed to follow Department regulations and did not call a witness who would have allegedly provided exculpatory evidence. Defendants argue plaintiff was not entitled to due process protections because he did not have a liberty interest at stake when the only sanction was a two-month commissary restriction.

¶ 14     We briefly note we agree with the State that we have jurisdiction over the appeal. Plaintiff initially filed a motion to reconsider before the entry of the final order, thus not tolling the time to appeal. See *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 538-39 (1984). However, he nevertheless filed his appeal within the required 30 days from the date of the final judgment. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Plaintiff filed a motion for sanctions after that date, but as the trial court was divested of jurisdiction, the motion does not affect this court's jurisdiction. See *Wierzbicki v. Gleason*, 388 Ill. App. 3d 921, 926 (2009).

¶ 15     The appeal in this case arises from the dismissal of plaintiff's complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615(a) (West 2020)). A motion to dismiss under section 2-615(a) tests the legal sufficiency of the complaint. *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351 (2009). When reviewing a decision to grant a section 2-615 motion to dismiss, "the question is " 'whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted.' " *Green v. Rogers*, 234 Ill. 2d 478, 491 (2009) (quoting *Vitro v. Mihelcic*, 209 Ill. 2d

- 4 -

76, 81 (2004)). "A cause of action should not be dismissed under section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Id.* Our review of the grant of a section 2-615 motion to dismiss is *de novo. Id.*

¶ 16　　　　"[P]roperly pled allegations of a denial of due process in prison disciplinary proceedings are reviewable in an action for *certiorari.*" *Fillmore v. Taylor*, 2019 IL 122626, ¶ 67. The due process clause of the fourteenth amendment to the United States Constitution prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV § 1. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme Court set forth the minimum due process requirements for when an inmate's protected liberty interest is implicated in prison disciplinary proceedings. Specifically, where an inmate's liberty interest is implicated, a prison must provide notice of the disciplinary charges at least 24 hours before the hearing, an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Id.* at 563-66.

¶ 17　　　　However, procedural due process protections are triggered only when a constitutionally protected interest is at stake, to which a person has a legitimate claim of entitlement. *Hill v. Walker*, 241 Ill. 2d 479, 485 (2011). A two-step analytical framework applies for reviewing allegations of procedural due process violations in the context of prison disciplinary proceedings. The first step involves determining whether a liberty or property interest has been interfered with by the State. If there is not, the analysis ends because no process is due. *Trevino v. Baldwin*, 2020 IL App (4th) 180682, ¶ 20. In the event a liberty or property

interest has been interfered with by the State, the second step involves an examination of whether the procedures attendant upon that interference were constitutionally sufficient. *Id.*

¶ 18 Here, the question is whether a two-month commissary restriction imposed as a sanction in a prison disciplinary proceeding infringes upon a liberty interest. In the context of prison disciplinary proceedings, a prisoner is entitled to due process protections when the penalty faced by the prisoner implicates a liberty interest because such a penalty affects the nature or duration of confinement. *Fillmore*, 2019 IL 122626, ¶ 48. The cause of action arising from a due process violation results from "the interest affected by the discipline imposed." *Id.* ¶ 47. Generally, "only sanctions resulting in the loss of good conduct time credits for inmates who are eligible for release on mandatory supervision, or which otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest." *Id.* ¶ 56 (quoting *Spicer v. Collins*, 9 F. Supp. 2d 673, 685 (E.D. Tex. 1998).

¶ 19 Sanctions affecting the nature of confinement to the extent it imposes an "atypical and significant hardship" on an inmate "in relation to the ordinary incidents of prison life" may also impose upon a liberty interest. *Sandin v. Connor*, 515 U.S. 472, 484 (1995). However, sanctions that affect an inmate's status or the availability of certain privileges do not rise to the level of an atypical or significant hardship in relation to the ordinary incidents of prison life. In particular, sanctions including commissary restrictions do not impose an atypical and significant hardship.

¶ 20 Here, plaintiff's only punishment was a two-month commissary restriction. That sanction did not impose an atypical and significant hardship in relation to the ordinary incidents of prison life. Thus, plaintiff's sanction did not implicate a liberty interest and he was not entitled to due process protections during his disciplinary hearing.

¶ 21     Plaintiff nevertheless argues the adjustment committee's final summary report was "legally insufficient" because the adjustment committee relied entirely on the reporting officer's ODR and did not call a witness who would have allegedly provided exculpatory evidence. But, in doing so, plaintiff relies on cases involving good-time credits, which implicated liberty interests and triggered due-process protections. See *Chavis v. Rowe*, 643 F.2d 1281, 1283 (7th Cir. 1981); *Hayes v. Walker*, 555 F.2d 625, 631 n.1, 633 (7th Cir. 1977). Here, as previously discussed, such a liberty interest was not at stake. Further, the record does not support plaintiff's claims he requested a witness, as he did not use the detachable portion of the ODR to request a witness and instead left it blank and attached. The adjustment committee's final summary report also indicated there were "no witnesses requested."

¶ 22     Plaintiff next loosely argues the Department failed to follow its own regulations. However, Department regulations do not create a cause of action allowing inmates to file suit in state court to compel correctional officers to comply with the regulations. *Fillmore*, 2019 IL 122626, ¶ 47. To hold otherwise would create disincentives to codification of prison management procedures and lead to the involvement of state courts in day-to-day management of prisons. *Trevino*, 2020 IL App (4th) 180682, ¶ 26. Thus, to the extent a plaintiff bases his claim on violations of Department regulations governing disciplinary proceedings, his complaint fails to state a cause of action. *Id.* Instead, an inmate who believes Department regulations have not been followed may, as plaintiff did in this case, appeal through the proper grievance procedures. *Id.* ¶ 28.

¶ 23     Here, plaintiff could not state a cause of action based on the failure of defendants to follow Department regulations. Instead, he could file a grievance, which he did. To the extent plaintiff challenges the grievance process, the claim fails because "inadequacies of the grievance

procedure itself, as distinct from its consequences, cannot form the basis for a constitutional claim." *Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015). Accordingly, the circuit court correctly dismissed plaintiff's complaint.

¶ 24                                      III. CONCLUSION

¶ 25          For the reasons stated, we affirm the circuit court's judgment dismissing the complaint.

¶ 26          Affirmed.