NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220716-U

NO. 4-22-0716

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 28, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| PAUL SMITH, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Livingston County |
| WILLIAM SHELTON, JESUS MADRIGAL, | ) | No. 21MR21 |
| CHRISTOPHER BRUBAKER, LEONITA | ) | |
| JACKSON, SARAH JOHNSON, and ROB | ) | Honorable |
| JEFFREYS, | ) | Jennifer Hartmann |
|     Defendants-Appellees. | ) | Bauknecht, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE DeARMOND delivered the judgment of the court.
Justices Harris and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in dismissing plaintiff's petition requesting *certiorari* review of his prison disciplinary proceedings based on allegations of denial of due process. Plaintiff did not have a liberty interest at stake when he was sanctioned with 15 days of Grade-C confinement status and 15 days of audio/visual restrictions and alleged defendants failed to follow Illinois Department of Corrections regulations.

¶ 2    Plaintiff, Paul Smith, an inmate in the custody of the Illinois Department of Corrections (Department) at the Pontiac Correctional Center (Pontiac), filed a *pro se* complaint against defendants, William Shelton, chairperson of the Adjustment Committee (Committee) at Pontiac, Jesus Madrigal, a member of the Committee, Christopher Brubaker, a grievance officer at Pontiac, Leonita Jackson, the chief administrative officer at Pontiac, Sarah Johnson, chairperson of the Administrative Review Board (Board) for the Department, and Rob Jeffreys, who served as the acting director of the Department.

¶ 3        The Committee found plaintiff guilty of violating Department rules and recommended 15 days of Grade-C confinement status and 15 days of audio/visual restrictions. Jackson, as the prison's chief administrative officer, and Jeffreys, as the Department's director, approved the recommendation. Plaintiff filed a grievance to address the matter, which was denied by Brubaker, and then denied by the Board. Jackson concurred in the denial.

¶ 4        Plaintiff sought a common law writ of *certiorari* in the trial court. The court granted defendants' motion to dismiss plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)). Plaintiff appeals *pro se*, contending he was denied due process because defendants failed to investigate the facts, relied solely on a disciplinary report as a basis for finding him guilty, and failed to follow Department regulations. We affirm.

¶ 5                                I. BACKGROUND

¶ 6        In March 2020, plaintiff was served with an offender disciplinary report (ODR) for violating Department Rule 308, regarding contraband or unauthorized property. The ODR alleged, during a routine shakedown, Officer Benjamin Stewart found multiple unauthorized items in plaintiff's cell. The items consisted of a whole clove of garlic, a large bag of barbeque sauce, a black scratch pad, and an excessive amount of garbage bags.

¶ 7        Plaintiff appeared before the Committee and pleaded not guilty. The Committee issued a final summary report, finding plaintiff guilty and stating the Committee members were satisfied the violations occurred as reported. The report noted plaintiff told them the garbage bags "were for the showers," and he found the bag of barbeque sauce. The Committee recommended 15 days of Grade-C confinement status and 15 days of audio/visual restrictions.

Jackson, as the chief administrative officer, concurred with the recommendation. Section 504.130(a)(3) of the Illinois Administrative Code states:

> "Offenders in 'C' grade shall be ineligible to receive institutional privileges, except yard, restricted commissary and visits, excluding video visitation; however, audio-visual privileges may be restored if directed by the treating mental health professional. An offender may only purchase from the commissary personal hygiene items and other items approved by the Chief Administrative Officer, based on the offender's institutional status, once each 30 day period while in 'C' grade." 20 Ill. Adm. Code 504.130(a)(3) (2017).

¶ 8 Plaintiff submitted a grievance regarding the Committee's final summary report. The record does not contain a copy of the grievance. Plaintiff appealed, and the Board denied the grievance, stating the issue was appropriately addressed by the facility administration. It also found no violation of plaintiff's due process rights and stated it was reasonably satisfied plaintiff committed the offenses cited in the ODR. Jeffreys, as the acting director of the Department, concurred.

¶ 9 Having exhausted his administrative remedies, plaintiff next filed an action in the trial court for a common law writ of *certiorari*, alleging the Committee violated his right to procedural due process because the Committee failed to investigate the facts, relied solely on the ODR as a basis for finding him guilty, and failed to follow state laws and procedures. Defendants moved to dismiss the complaint, arguing plaintiff failed to state a cause of action because the restrictions imposed did not result in the loss of good time credits. Plaintiff responded, asserting defendants' argument was "misplaced."

¶ 10    The trial court granted defendants' motion to dismiss, finding plaintiff did not have a liberty interest at stake requiring due process protections. In the alternative, the court found plaintiff received all the process that was due to him.

¶ 11    This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, plaintiff contends the trial court erred in dismissing his complaint because he was denied his right to due process when the Committee failed to investigate the facts, relied solely on the ODR as a basis for finding him guilty, and failed to follow Department regulations. Defendants argue plaintiff was not entitled to due process protections because he did not have a liberty interest at stake when the sanction was 15 days of Grade-C confinement status and 15 days of audio/visual restrictions.

¶ 14    The appeal in this case arises from the dismissal of plaintiff's complaint pursuant to section 2-615(a) of the Code (735 ILCS 5/2-615(a) (West 2020)). A motion to dismiss under section 2-615(a) tests the legal sufficiency of the complaint. *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361, 919 N.E.2d 926, 931 (2009). When reviewing a decision to grant a section 2-615 motion to dismiss, "the question is 'whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted.' " *Green v. Rogers*, 234 Ill. 2d 478, 491, 917 N.E.2d 450, 458-59 (2009) (quoting *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81, 806 N.E.2d 632, 634 (2004)). "A cause of action should not be dismissed under section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Rogers*, 234 Ill. 2d at 491. Our review of the granting of a section 2-615 motion to dismiss is *de novo*. *Rogers*, 234 Ill. 2d at 491.

¶ 15    "[P]roperly pled allegations of a denial of due process in prison disciplinary proceedings are reviewable in an action for *certiorari*." *Fillmore v. Taylor*, 2019 IL 122626, ¶ 67, 137 N.E.3d 779. The due process clause of the fourteenth amendment to the United States Constitution prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV § 1. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme Court set forth the minimum due process requirements when an inmate's protected liberty interest is implicated in prison disciplinary proceedings. Specifically, where an inmate's liberty interest is implicated, a prison must provide notice of the disciplinary charges at least 24 hours before the hearing, an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *McDonnell*, 418 U.S. at 563-66.

¶ 16    However, procedural due process protections are triggered only when a constitutionally protected interest is at stake, to which a person has a legitimate claim of entitlement. *Hill v. Walker*, 241 Ill. 2d 479, 485, 948 N.E.2d 601, 604 (2011). A two-step analytical framework applies for reviewing allegations of procedural due process violations in the context of prison disciplinary proceedings. The first step involves determining whether a liberty or property interest has been interfered with by the State. If there is not, the analysis ends because no process is due. *Trevino v. Baldwin*, 2020 IL App (4th) 180682, ¶ 20, 161 N.E.3d 1156. In the event a liberty or property interest has suffered State interference, the second step involves an examination of whether the procedures attendant to the interference were constitutionally sufficient. *Trevino*, 2020 IL App (4th) 180682, ¶ 20.

¶ 17   Here, the question is whether 15 days of Grade-C confinement status and 15 days of audio/visual restrictions imposed as a sanction in a prison disciplinary proceeding infringes upon a liberty interest. In the context of prison disciplinary proceedings, a prisoner is entitled to due process protections when the penalty faced by the prisoner implicates a liberty interest because such a penalty affects the nature or duration of confinement. *Fillmore*, 2019 IL 122626, ¶ 48. The cause of action arising from a due process violation results from "the interest affected by the discipline imposed." *Fillmore*, 2019 IL 122626, ¶ 47. Generally, " 'only sanctions which result in the loss of good conduct time credits for inmates who are eligible for release on mandatory supervision or which otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest.' " *Fillmore*, 2019 IL 122626, ¶ 56 (quoting *Spicer v. Collins*, 9 F. Supp. 2d 673, 685 (E.D. Tex. 1998)).

¶ 18   Sanctions affecting the nature of confinement to the extent it imposes an "atypical and significant hardship" on an inmate "in relation to the ordinary incidents of prison life" may also impose upon a liberty interest. *Sandin v. Connor*, 515 U.S. 472, 484 (1995). However, sanctions that affect an inmate's status or the availability of certain privileges do not rise to the level of an atypical or significant hardship in relation to the ordinary incidents of prison life. Sanctions, including demotion to Grade-C status, do not impose an atypical and significant hardship. Plaintiff's ineligibility for certain institutional privileges, with the exception of access to the "yard," restricted commissary access, and visits, do not implicate a liberty interest because they do not affect the length of his sentence. See *Hoskins v. Lenar*, 395 F.3d 372, 374-75 (7th Cir. 2005) (stating demotion to Grade-C status, which results in a loss of privileges, did not implicate a protected liberty interest).

¶ 19	Here, plaintiff's punishment was 15 days of Grade-C confinement status and 15 days of audio/visual restrictions. Those sanctions did not impose an atypical and significant hardship in relation to the ordinary incidents of prison life. Thus, plaintiff's sanctions did not implicate a liberty interest and he was not entitled to due process protections during his disciplinary hearing.

¶ 20	Plaintiff nevertheless argues the Committee's final summary report was insufficient because the Committee relied entirely on the reporting officer's ODR and did not investigate the allegations. But, in doing so, plaintiff relies on cases involving good-time credits, which implicated liberty interests and triggered due process protections. See *Chavis v. Rowe*, 643 F.2d 1281, 1283 (7th Cir. 1981); *Hayes v. Walker*, 555 F.2d 625, 631 n.1, 633 (7th Cir. 1977). Here, as previously discussed, such a liberty interest was not at stake.

¶ 21	Plaintiff also loosely argues the Department failed to follow its own regulations. However, Department regulations do not create a cause of action allowing inmates to file suit in state court to compel correctional officers to comply with the regulations. *Fillmore*, 2019 IL 122626, ¶ 47. To hold otherwise would disincentivize the codification of prison management procedures and lead to the involvement of state courts in the day-to-day management of prisons. *Trevino*, 2020 IL App (4th) 180682, ¶ 26. Thus, to the extent a plaintiff bases his claim on violations of Department regulations governing disciplinary proceedings, his complaint fails to state a cause of action. *Trevino*, 2020 IL App (4th) 180682, ¶ 26. Instead, an inmate who believes Department regulations have not been followed may, as plaintiff did in this case, appeal through the proper grievance procedures. *Trevino*, 2020 IL App (4th) 180682, ¶ 28.

¶ 22	Here, plaintiff could not state a cause of action based on the failure of defendants to follow Department regulations. Instead, he could file a grievance, which he did. To the extent

plaintiff challenges the grievance process, the claim fails because "inadequacies of the grievance procedure itself, as distinct from its consequences, cannot form the basis for a constitutional claim." *Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015). Accordingly, the trial court correctly dismissed plaintiff's complaint.

¶ 23                                  III. CONCLUSION

¶ 24          For the reasons stated, we affirm the trial court's judgment dismissing the complaint.

¶ 25          Affirmed.