NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 230581-U

NO. 4-23-0581

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 15, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| FRANCISCO SANTILLAN, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| CALDERON'S CONSTRUCTION OF RI, INC., an | ) | No. 23LA14 |
| Illinois Corporation; and ARMANDO G. CALDERON, | ) | |
| Individually, | ) | Honorable |
| Defendants-Appellees. | ) | James G. Conway Jr., |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Harris and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court erred when it granted defendant's section 2-615 motion to dismiss.

¶ 2    Plaintiff Francisco Santillan appeals the circuit court's dismissal with prejudice of count III of his complaint seeking relief under the Sales Representative Act (Act) (820 ILCS 120/0.01 *et seq.* (West 2022)). Plaintiff argues that defendant Calderon's Construction of RI, Inc., an Illinois corporation (Calderon), was a "principal" under the Act. Section 1(3) of the Act defines a "principal" as a business entity that "[m]anufactures, produces, imports, or distributes a product for sale." *Id.* § 1(3). Plaintiff argues that his contract with Calderon encompassed the sale and distribution of exterior construction products, such as "shingles, siding and related products," as well as solicitation for Calderon's services. *Id.* In granting Calderon's motion to dismiss count III,

the circuit court concluded that the Act did not apply to a company that provided services, so Calderon was not a principal under section 1(3) of the Act.

¶ 3    We reverse and remand.

¶ 4                            I. BACKGROUND

¶ 5    Plaintiff filed a five-count complaint against defendants Calderon and Armando G. Calderon, individually, seeking damages for defendants' alleged breach of plaintiff's employment contract. The complaint alleged that Calderon was in the business of general contracting, focusing on roofing and siding. In 2017, plaintiff entered into an oral contract with Calderon to provide the company with sales and project management services in exchange for a commission. The parties' agreement was reduced to writing in mid-2019. Plaintiff asserts that Calderon failed to pay him earned commissions in the amount of $85,675.41, as well as various out-of-pocket expenses and subcontracting services; he claimed a total of $91,540.94 was due.

¶ 6    In count III of the complaint, plaintiff alleged violations of section 2 of the Act, asserting that he entered into a written contract with Calderon, "under which [plaintiff] would provide sales and project management services to Calderon, and, in exchange, Calderon would pay Santillan [a] commission."According to the complaint, Calderon "sells and distributes exterior construction products, such as shingles, siding and related products, within the State of Illinois."

¶ 7    The complaint alleged that, "beginning in 2017, [plaintiff] solicited exterior construction material contracts and orders for Calderon" by meeting with customers and potential customers, presenting them with exterior construction product samples and/or brochures from which they would or could select exterior construction products to purchase from Calderon. "After a Calderon customer selected his or her preferred exterior construction products, [plaintiff] would complete a Calderon contract with said customer, specifying the exterior construction products

selected by the customer," and place orders for the exterior construction products selected by the customers. The complaint further alleged that "[t]he main purpose and focus of the contracts, which [plaintiff] solicited for Calderon, was the sale and distribution of exterior construction products." Plaintiff then asserted that Calderon was a "principal" under section 1(3) and that Calderon's failure to pay commissions violated the Act.

¶ 8    Calderon moved to dismiss count III, arguing that it was not a "principal" under section 1(3) because plaintiff's employment contract was for services only. Calderon relied on *Johnson v. Safeguard Construction Co.*, 2013 IL App (1st) 123616, which held that a company that *exclusively* provides "services" is not a "principal" under the Act. *Id.* ¶ 17. Moreover, *Johnson* found that "the main purpose of the contracts that [the plaintiff] solicited from homeowners was to provide repair services to their damaged homes, and any tangible goods associated with the repair work were merely incidental to the services provided." (Emphasis omitted.) *Id.* ¶ 21.

¶ 9    The circuit court granted Calderon's motion to dismiss count III, concluding that plaintiff could assert no set of facts that were "legally sufficient to maintain this count III cause of action in light of *Johnson*." In doing so, the court found that this case presented a "mixed product case" and expressed its concern over the validity of *Johnson*—"I think they decided the case wrong"—but stated, "I'm going to do my duty and follow that precedent and rule in favor of the defense and dismiss count III with prejudice."

¶ 10    The circuit court's written order further contained a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016).

¶ 11    This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13    The central question on appeal is whether Calderon qualified as a "principal" under the Act based on the allegations of the complaint. We note that we only had the benefit of an appellant's brief in considering this case; no appellee brief was filed. However, under *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal.

¶ 14                              A. Standard of Review

¶ 15    A section 2-615 motion to dismiss (735 ILCS 5/2-615 (West 2022)) challenges the legal sufficiency of a complaint based on defects apparent on its face. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006); *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 364 (2004). Therefore, we review a circuit court's judgment granting a section 2-615 motion to dismiss *de novo*. *Trevino v. Baldwin*, 2020 IL App (4th) 180682, ¶ 17; *Roberts v. Board of Trustees of Community College District No. 508*, 2019 IL 123594, ¶ 21. In reviewing the sufficiency of a complaint, we accept as true all well-pleaded facts and all reasonable inferences that may be drawn from them. *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 96-97 (2004). We also construe the allegations in the complaint in the light most favorable to the plaintiff. *Trevino*, 2020 IL App (4th) 180682, ¶ 17; *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 11-12 (2005). Thus, a cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery. *Canel v. Topinka*, 212 Ill. 2d 311, 318 (2004).

¶ 16                              B. The Act

¶ 17    The Act requires any "principal" who contracts with a "sales representative" to pay the sales representative all commissions due and owing within 13 days of the termination of their

relationship. 820 ILCS 120/2 (West 2022). The principal must pay posttermination commissions within 13 days of the date on which they come due. *Id.* If the principal fails to comply with the Act, it may be sued for both exemplary damages ("an amount which does not exceed 3 times the amount of the commissions owed to the sales representative") and attorney fees. *Id.* § 3; see *Formestic*, *Inc. v. Residential Warranty Corp.*, No. 96 C 6638, 1997 WL 51490, at *2 (N.D. Ill., Feb. 4, 1997).

¶ 18        The dispute here arises as to whether Calderon is a "principal" under section 1(3) of the Act. 820 ILCS 120/1(3)(A)-(C) (West 2022). The term "principal," as used in section 1(3), is defined as a business entity that "(A) Manufactures, produces, imports, or distributes a *product* for sale; (B) Contracts with a sales representative to solicit orders for the product; and (C) Compensates the sales representative, in whole or in part, by commission." (Emphasis added.) *Id.*

¶ 19        As noted above, the matter here is presented on a section 2-615 motion to dismiss, so we examine only the well-pleaded allegations of plaintiff's complaint and reasonable inferences flowing from them. *Ferguson*, 213 Ill. 2d at 96-97. Relevant here, plaintiff has alleged that Calderon "sells and distributes exterior construction products, such as shingles, siding, and related products"; that plaintiff solicited "exterior construction material contracts and orders" for Calderon; that Calderon's customers would "select exterior construction products to purchase from Calderon"; and that Calderon would deliver those products to the customer. Plaintiff also alleges that he was paid via commission for soliciting these sales. These allegations are sufficient to allege that (1) Calderon distributes tangible products; (2) Calderon contracted with plaintiff to solicit orders for those products; and (3) plaintiff was to be compensated on a commission basis. These

are sufficient to plead that Calderon was a "principal" under the Act. 820 ILCS 120/1(3)(A)-(C) (West 2022).

¶ 20 Defendant moved to dismiss plaintiff's complaint in reliance on *Johnson*, and the circuit court to its credit felt obligated to follow *Johnson* despite disagreeing with its approach. On appeal, plaintiff essentially asks us to disagree with *Johnson*. We conclude that it was premature for the court to conclude that *Johnson* required the dismissal of plaintiff's complaint and, further, that it would be premature for us to determine whether we agree with the approach taken in *Johnson*.

¶ 21 In *Johnson*, the appellate court upheld the entry of summary judgment against the plaintiff, concluding that there was no genuine issue of material fact showing that Safeguard Construction Co. was a purveyor of tangible goods. In other words, the plaintiff, although not required to prove his case in response to a motion for summary judgment, failed to present a factual basis that would arguably entitle him to relief. *Johnson*, 2013 IL App (1st) 123616, ¶ 18. Given that failure, the *Johnson* court was faced with an exclusive service contract, which is not covered by the Act. As an alternative basis for its decision, the court went on to address the plaintiff's argument that there was some aspect of his sales that involved tangible goods. In rejecting the plaintiff's argument, the *Johnson* court remarked, "the main purpose of the contracts that Johnson solicited from homeowners was to provide repair services to their damaged homes, and any tangible goods associated with the repair work were merely incidental to the services provided." (Emphasis omitted.) *Id.* ¶ 21.

¶ 22 Here, we are at the pleading stage, not the summary judgment stage, and we are required to accept the well-pleaded allegations of plaintiff's complaint as true. The allegations referenced above are clearly adequate to assert that plaintiff was soliciting contracts for the sale of

*products* by Calderon. We acknowledge that paragraph 9 of count III of plaintiff's complaint also references "labor and materials." We also note that the parties' contract references the selling of Calderon's "services." At the pleading stage, however, we cannot sort out the apparent inconsistency and competing inferences.

¶ 23        Furthermore, even if the contract is a "mixed" contract for both products and services, the facts as pleaded do not clearly indicate that *Johnson* would require dismissal. *Johnson* held that the "main purpose" of the contract there was the sale of services and that the "tangible goods associated with the repair work were merely incidental to the services provided." *Id.* ¶¶ 21, 23. Assuming that plaintiff's complaint alleges that there were "mixed" sales involved here, it would be impossible to determine from the pleadings whether the products were incidental to the services or *vice versa*.

¶ 24        Finally, even if we were to reject *Johnson*'s "all or nothing" view of the service-versus-product question, the record here would be inadequate for us to consider something more like the proportional approach suggested in *Osborn v. Regions Commercial Roofing, Inc.*, No. 4:21-cv-04203-SLD-JEH, 2022 WL 1213104, at *2 (C.D. Ill., April 25, 2022). There, the district court, although dismissing the plaintiff's complaint filed under the Act, allowed leave to amend, stating, "if Plaintiff is able to add allegations regarding the sale of tangible products, making Defendant a principal under the Act, he may be able to state a claim." *Id.* Here, we know very little about the underlying sales contracts themselves, such as whether the product portion of the sale was separately itemized and the relationship it bore to the service portion.

¶ 25                                    III. CONCLUSION

¶ 26        For the reasons stated, we reverse the circuit court's judgment dismissing count III of plaintiff's complaint and remand for further proceedings consistent with this opinion.

¶ 27        Reversed and remanded.